Henry FERGUSON, Plaintiff-Appellee,

v.

MOORE–McCORMACK LINES, Inc., Defendant-Appellant.

No. 138, Docket 23586.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1955.

Decided Jan. 18, 1956.

Dow & Symmers, New York City (Wilbur E. Dow, Jr., and John R. Sheneman, New York City, of counsel), for defendant-appellant.

George J. Engelman, New York City, for plaintiff-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Plaintiff was a baker engaged at the time of the accident in serving ice cream in the galley on C deck of defendant's SS Brazil. Using the standard ice cream scoop provided for the purpose, plaintiff disposed of the contents of a half used tub and had worked his way about half way down a full additional tub. There he found the ice cream "as hard as a brickbat," and the scoop became useless. So it occurred to plaintiff that about a foot and a half from where he was serving and "kept underneath the griddle" was a butcher knife, about eighteen inches long and as sharp as a razor, which might be used to chip the ice cream into small pieces. He was chipping away when his hand slipped and he was badly cut, resulting later in the loss of two fingers of his right hand.

Strangely enough there is no claim that the vessel was unseaworthy. The negligence is supposed to stem from a failure to provide a safe place to work and safe tools and appliances. Reliance is also placed upon the fact that plaintiff had been directed to fill the orders brought into the galley by the waiters and it is said that there must have been something wrong with the refrigeration system or the ice cream would not have been so hard.

But no one in authority told plaintiff to use the butcher knife, which was customarily used in cutting French bread. The knife was properly in the galley and there was nothing defective about it. But it was never designed for or intended to be used as a dagger or ice pick for chipping frozen ice cream. And that it would be put to such use was not within the realm of reasonable foreseeability, Manhat v. United States, 2 Cir., 1954, 220 F.2d 143, certiorari denied, 349 U.S. 966, 75 S.Ct. 900, 99 L.Ed. 1288. Cf. Fitzpatrick v. Fowler, 83 U.S.App.D.C. 229, 168 F.2d 172; Wm. Johnson & Co., Ltd. v. Johansen, 5 Cir., 86 F. 886.

There being no proof of fault on the part of the shipowner, defendant's motion for a directed verdict should have been granted.

Reversed.