**UNITED STATES of America ex rel. Clyde ROOSA, Petitioner-Appellant,**

v.

**Walter B. MARTIN, Warden of Attica Prison, Respondent-Appellee.**

No. 305, Docket 24407.

United States Court of Appeals Second Circuit.

Argued April 11, 1957.

Decided Aug. 16, 1957.

Boris I. Bittker, New Haven, Conn., for petitioner-appellant.

Louis J. Lefkowitz, Atty. Gen., New York City (James O. Moore, Jr., Sol. Gen., Michael Freyberg and Lawrence H. Rogovin, Deputy Asst. Attys. Gen., New York City, of counsel), for respondent-appellee.

Before CLARK, Chief Judge, and MEDINA, HINCKS, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Clyde Roosa appeals from an order of Judge Burke denying "upon the merits" his petition for a writ of habeas corpus, by which he sought to attack as void a sentence imposed upon him by Judge Breed of the County Court of Onondaga County, New York, on December 19, 1950. The case is properly before us on a certificate of probable cause and leave to appeal *in forma pauperis* granted by this Court on October 23, 1956. This and the companion case of U. S. ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662, were heard *en banc* and we desire at the outset to express our thanks to assigned counsel, Professor Boris I. Bittker, for his thorough study of the issues and his helpful discussion of the pertinent authorities in these two cases.

As is not unusual in the case of applications made under 28 U.S.C. § 2241, the record before us is far from complete, but we are able to spell out the essential facts. Applicant's career in crime appears to have started with the theft of an automobile in Connecticut, for which he was convicted in a Connecticut court in Hartford County on June 12, 1924, and sentenced to a term in the Reform School. While this was a conviction for grand larceny, and the information filed against appellant at the time recites that the automobile was worth $600, the Connecticut statute provided that a person "who shall steal any motor vehicle" is guilty of a violation thereof. Conn.Gen.Stat. § 8395. As no specific stated value of the stolen automobile was required by this Connecticut statute, and as, according to New York law, N.Y. Penal Law, McK. Consol.Laws, c. 40, §§ 1294, 1296, 1298, the value of the article stolen is the determinative factor on the question of whether the crime committed is in New York a misdemeanor or a felony, a question was raised later, as will hereinafter appear, as to whether or not this Connecticut conviction was a first felony conviction.

Having served the sentence thus imposed in Connecticut in 1924, appellant next pleaded guilty in the Court of General Sessions of the County of New York on December 19, 1927, to the charge of attempted grand larceny, and he was sentenced by Judge Donnellan on February 7, 1928, to two and a half years' imprisonment in Sing Sing Prison as a second-felony offender. In 1931 in New York, he was again convicted of a felony, the details of which are not contained in the record before us.

In 1947, having been convicted of grand larceny in the first degree, after a trial to judge and jury, he was sentenced by the Onondaga County Court, New York, to twenty years to life as a fourth-felony offender. As the result of an application in the nature of a writ of error *coram nobis*, the grounds for which are not stated in the record here, this 1947 sentence was set aside by Judge Breed and appellant was resentenced on December 18, 1950, to fifteen to thirty years' imprisonment; and, on the following day, December 19, 1950, he was again resentenced by Judge Breed to fifteen to twenty years' imprisonment, which is the sentence he is now serving. No appeal was taken from the sentence meted out on December 19, 1950.

The petition which Judge Burke dismissed on the merits and which presents the questions we are now called upon to decide, constitutes an attack upon the sentence imposed by Judge Breed on December 19, 1950. The matters of fact and law which constitute the basis for this attack will be stated in a moment; but the one single circumstance which is fatal to appellant's petition for habeas corpus is that it appears without dispute that no application has ever been made to the County Court of Onondaga County to vacate or set aside the judgment now said to be defective, illegal or void; and that court is the only court with power to act in the matter and vacate the judg-

ment which appellant says should be vacated.

As far as we can make out, appellant's claims are: (1) that Judge Breed resentenced appellant in 1950 in Chambers rather than in open court; (2) that "At no time was the petitioner informed or asked if he wished to be *represented by Counsel* during the procedure on December 18th and 19th, 1950;" and (3) that, as the result of a *coram nobis* application to the Court of General Sessions of the County of New York, an order was made by Judge Capozzoli on June 21, 1955, supplemented by an opinion stating that the Connecticut conviction in 1924 could not be considered in New York as a felony conviction, setting aside the sentence of February 7, 1928, and resentencing appellant *nunc pro tunc,* as a first-felony offender, to one year and three months' to two years and six months' imprisonment.

In order to understand appellant's contentions with reference to the 1955 proceedings before Judge Capozzoli, it must be stated that what appellant hoped to accomplish by that particular *coram nobis* proceeding was to have the 1928 sentence vacated and declared null and void, not to have the sentence changed *nunc pro tunc.* This hope was based on appellant's assertion, for which we can find no substantiation or explanation in this record, that the information, upon which the 1928 judgment of conviction rested, was in some way fatally defective and failed to state facts sufficient to constitute the crime charged.

Appellant further elaborates upon what he calls the fatally defective resentencing by Judge Capozzoli, by stating that he appealed to the Appellate Division of the Supreme Court of the

State of New York from Judge Capozzoli's order and applied for leave to proceed *in forma pauperis,* which was denied. He was informed by the Deputy Clerk of the New York Court of Appeals that he could not appeal to the court of Appeals to review the order thus made by the Appellate Division; and his application thereafter to the Supreme Court for certiorari was denied. Roosa v. People of State of New York, 351 U.S. 933, 76 S.Ct. 792, 100 L.Ed. 1461.

█ █ █ Since appellant is incarcerated under the 1950 sentence and has given the County Court of Onondaga County, New York, no opportunity to correct any alleged error in connection with that sentence, it is apparent that 28 U.S.C. § 2254[1] stands as a bar to this or any other proceeding in the federal courts by way of habeas corpus. A failure to use state corrective processes is not an exhaustion thereof. Nor is it of significance that the prisoner may have exhausted his state remedies with reference to some asserted constitutional error other than the one alleged in the particular petition which the federal court is called upon to pass. "It has long been settled that the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal * * *" Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 589, 94 L.Ed. 761. There is an obvious difference between requiring a single proper presentation to the state courts of the particular error or defect complained of, and a rule requiring repetitious applications so long as the state courts are willing to listen, which is the rule rejected in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

---

1. "§ 2254. State custody; remedies in State courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective proc-

ess or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Accordingly, we hold that the petition should have been denied because of appellant's failure to exhaust state remedies available to him. Under these circumstances, there was no occasion for the District Judge to consider the merits and we have not considered them. Where there is, as in this case, a clear showing of failure to exhaust state remedies we think a reaching out to the merits breeds confusion and may well be prejudicial to the prisoner. Surely there is no assurance that the matter in such an inchoate state will go no further and not trouble us again. And even if in some cases a decision on the merits might discourage appellant and influence him not to take the steps necessary to exhaust his state remedies, is this fair? Is it not a sort of heads I win tails you lose game in which the prisoner has the merits decided against him without any possibility that they will be decided in his favor? And who can say with complete assurance that, when the matter is presented to the proper state tribunal for determination, the state court will not agree with the prisoner? The plain fact is, as in instances where the court disposes of a case for lack of jurisdiction, that any discussion of the merits is irrelevant.

Affirmed.

CLARK, Chief Judge, concurs in the result and in Judge HINCKS' concurring opinion.

HINCKS, Circuit Judge (concurring).

I concur in the result reached and in all that is said in support of that decision. I disagree with Judge MEDINA'S opinion only in so far as it is suggested in the final paragraph thereof that it was improper for the judge below to consider whether the application for the writ sufficiently stated a substantive ground for its issue. It is my opinion that when an application for the writ by a state prisoner fails to show an exhaustion of state court remedies and also fails sufficiently to show a federal ground for the issue of the writ, the judge to whom it is referred under 28 U.S.C.A. § 2243 may properly deny the application on either ground or both grounds. See Thomas v. Teets, 9 Cir., 205 F.2d 236, at page 240, certiorari denied Teets v. Thomas, 346 U.S. 910, 74 S.Ct. 240, 98 L.Ed. 407. Here, in my opinion, the record supported the denial on the merits, i. e., for lack of sufficient showing of a federal ground, as well as on the ground that state court remedies had not been exhausted.