George HOOPER, Plaintiff-Appellant,

v.

TERMINAL STEAMSHIP COMPANY,
Defendant-Appellee.

No. 63, Docket 27003.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1961.

Decided Nov. 24, 1961.

7. 52 Okla.Stat. § 287.9, ¶ 4.

**282**

Theodore H. Friedman, New York City (Jacob Rassner, New York City, on the brief), for plaintiff-appellant.

Robert M. Pellegrino, New York City (Dougherty, Ryan, Mahoney & Pellegrino and Albert D. Koch, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

■■■ George Hooper was a longshoreman engaged in the discharge of a deck cargo of lumber from the S.S. "Lumber Carrier," at Bridgeport, Connecticut, on June 27, 1954. He appeals from a judgment, after a non-jury trial, dismissing his complaint in an action against the shipowner based on alleged negligence and unseaworthiness. The deck cargo had been partly unloaded and Hooper and his work partner were making up another draft of lumber to be hoisted off the vessel. While engaged in this operation the remainder of the deck cargo of lumber shifted under his feet and he lost his balance and fell overboard, sustaining the injuries complained of. The evidence gives ample support to the findings that the cargo was properly stowed and that no railings were customarily used or could be used around the deck cargo during the unloading of the lumber. As the shifting of the cargo is a condition inherent in the operation of unloading a deck cargo of lumber, the trial judge properly ruled that there could be no recovery in the absence of proof of improper stowage. This is in accord with our decisions in Blier v. United States Lines Company, 2 Cir., 1961, 286 F.2d 920, certiorari denied 368 U.S. 836, 82 S.Ct. 32, 7 L.Ed.2d 37, and Pinto v. States Marine Corporation of Delaware, 2 Cir., 1961, 296 F.2d 1, decided October 26, 1961, which applied the teaching of Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941, to the effect that the doctrine of seaworthiness requires no more than reasonable fitness for intended use. This doctrine has been repeatedly applied to transitory conditions arising during the operation and unloading of the vessel.

There is nothing to the contrary in Carabellese v. Naviera Aznar, S.A., 2 Cir., 1960, 285 F.2d 355, cert. denied, 1961, 365 U.S. 872, 81 S.Ct. 907, 5 L.Ed. 2d 862. Moreover, Reddick v. McAllister Lighterage Line, Inc., 2 Cir., 1958, 258 F.2d 297, cert. denied, 358 U.S. 908, 79 S.Ct. 235, 3 L.Ed.2d 229; Grillea v. United States, 2 Cir., 1956, 232 F.2d 919; Rich v. Ellerman & Bucknall S.S. Co., 2 Cir., 1960, 278 F.2d 704, and other cases cited by appellant are distinguishable.

Affirmed.