297 F.2d 494
 George RICHTER, Libelant-Appellant,
v.
MATHIASEN'S TANKER INDUSTRIES, INC., and THE S.S. MICHAEL J, her engines, hull, tackle, cargo and her appurtenances thereof, Respondents-Appellees.
 No. 86.
 Docket 26592.
 United States Court of Appeals Second Circuit.
 Submitted November 9, 1961.
 Decided December 26, 1961.
 
 Jacob Rassner, New York City, for libelant-appellant.
 Cichanowicz & Callan, New York City (Victor S. Cichanowicz, New York City, of counsel), for respondents-appellees.
 Before LUMBARD, Chief Judge, MEDINA and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Libelant appeals from a decree in admiralty adverse to him and claims that the trial judge, who tried the case without jury, erred in that he found the S. S. Michael J not to have been unseaworthy.
 
 
 2
 The court below found that the libelant, while checking an inventory of spare parts that were stored on shelves in a small storeroom located off the engineroom, stood on a metal shelf about one foot off the deck in order to reach an upper shelf with his right hand, steadied himself with his left hand, and somehow fell from this position and landed on the deck, injuring himself. There was no oil or dirt on the floor of the storeroom, and at trial the libelant, to support his claim of unseaworthiness, sought to prove that there should have been a ladder available that he could have used. On appeal, libelant also asserts in his brief that the metal shelf was slippery, a claim that does not appear to have been made at trial.
 
 
 3
 The court below found that the use of a ladder in this small storeroom would not have been feasible.
 
 
 4
 We have reviewed the material presented to us on appeal, and approve the findings of fact and conclusions of law of the trial judge. A small sized storeroom having a top shelf beyond easy arm's reach does not create an unsafe place to work, nor does the existence of such a storeroom on a merchant vessel cause that vessel to be unseaworthy. The fact that on a vessel an accident occurred and a seaman was injured in the course of his duties does not, without more, prove that the vessel was unseaworthy. We conclude, as the judge below concluded, that the libelant has produced no credible evidence whatsoever to support his claim of unseaworthiness.
 
 
 5
 Affirmed.