Nicola MASSA, Plaintiff-Appellant,

v.

C. A. VENEZUELAN NAVIGACION,
Defendant and Third-Party
Plaintiff-Appellant,

v.

JOHN W. McGRATH CORPORATION,
Third-Party Defendant-Appellee.

No. 129, Docket 27059.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1961.

Decided Jan. 15, 1962.

Jacob Rassner, New York City, for plaintiff-appellant.

Renato C. Giallorenzi, New York City, for defendant and third-party plaintiff-appellant.

Gerald J. McKernan, New York City (Macklin, Speer, Hanan & McKernan, New York City, on the brief) (James M. Leonard, New York City, of counsel), for third-party defendant-appellee.

Before WATERMAN, SMITH and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Plaintiff appeals from a judgment entered in the Eastern District of New York dismissing his complaint after trial before a jury which failed to reach a verdict. The sole reason asserted by the judge below in support of his action was "that the plaintiff * * * failed to prove a prima facie case."

In reviewing a judgment granting a motion to dismiss after trial, it is axiomatic that the facts are to be viewed in the light most favorable to plaintiff. On February 24, 1955, plaintiff was a stevedore in the employ of John W. McGrath Corp., third-party defendant, and engaged in loading a vessel owned by C. A. Venezuelan Navigacion, defendant and third-party plaintiff. Plaintiff was injured when a pallet loaded with cargo fell while being raised by the ship's winch. The pallet was connected to the winch by means of a cable and a bridle. The bridle consisted of four wires meeting at the top but speading downward in

pyramidal fashion where each was attached to a corner of two metal bars. Two tongs were connected to each bar. When a pallet was to be lifted from the dock to the ship, the tongs were inserted into certain apertures or openings cut into the side of the pallet. Upon an appropriate signal, the winch would lift the pallet.

The evidence for plaintiff indicated that ofttimes the apertures in the pallets were not of the correct size, thus either causing, when too small, the longshoremen to "struggle" to get the tongs in or creating, when too big, a tendency for the tongs and the metal bars to slip completely out. On this occasion, the tongs were placed in the apertures, the signal given, and the pallet raised to eight or ten feet above the dock. At this point, the tongs and bar on plaintiff's side slipped completely out of the apertures, thus causing the cargo-laden pallet to fall on plaintiff. The defendant (third-party plaintiff) and third-party defendant presented evidence indicating other explanations for the accident. The jury, of course, was free to accept whichever version it believed and to disregard the others. The District Judge, in ruling upon the motion to dismiss, however, had no such freedom but was bound to accept the evidence most favorable to plaintiff. The question before the judge was whether plaintiff had made out a prima facie case under the doctrine of unseaworthiness upon the testimony so viewed.

The doctrine of unseaworthiness imposes upon a ship owner an absolute duty to furnish a vessel and appurtenances thereto reasonably fit for their intended use. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 2d 941 (1960). The fact that the stevedoring firm may have supplied the defective appurtenance, here the pallet, does not absolve the vessel owner from liability under the doctrine. Petterson v. Alaska S.S. Co., 205 F.2d 478 (9 Cir., 1953), aff'd per curiam 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798 (1954); Reed v. The Yaka, 183 F.Supp. 69 (E.D.Pa.1960).

Nor is the fact that the injury occurred on shore a bar to recovery so long as the requisite maritime "status" or "relation" is present. Strika v. Netherlands Ministry of Traffic, 185 F.2d 555 (2 Cir., 1950), cert. denied 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343 (1951); Litwinowicz v. Weyerhaeuser Steamship Co., 179 F. Supp. 812 (E.D.Pa.1959).

In the light of these precedents, we have little choice but to reverse and remand for a new trial. From plaintiff's evidence, the jury could have found the pallet was being put to its intended use, the apertures in the pallet were not reasonably fit for that use, and the defects in the pallet caused plaintiff's injuries. From this it might have concluded the ship was unseaworthy, and plaintiff should have recovery. We must, therefore, reverse and remand for a new trial. The dismissal of the third-party complaint must also be reversed and remanded.

Reversed and Remanded.