**Walter USIAK, Plaintiff-Appellee,**

**v.**

**NEW YORK TANK BARGE COMPANY, Inc., Defendant-Appellant.**

**No. 211, Docket 27084.**

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1962.

Decided March 6, 1962.

Chester A. Hahn, New York City (Sylvia Miller, New York City, on the brief), for plaintiff-appellee.

John Nielsen, New York City (Perrell, Nielsen & Stephens, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

LUMBARD, Chief Judge.

Defendant appeals from the jury verdict of $35,000 for plaintiff on his suit for negligence under the Jones Act, 46 U.S.C.A. § 688, and for unseaworthiness, alleging that there was insufficient proof that plaintiff's injury was caused by the fall on defendant's vessel and claiming a number of errors at trial. We affirm the judgment.

Plaintiff was employed by the defendant as captain of its 200 foot oil barge, Betty K. As captain he was in charge of the crew, which varied between one and six men, and the equipment, and his duties included tying the barge to the tug which propelled it, hanging out the proper lights, and seeing to the barge's safe berthing.

So that the oil will flow freely during discharge from the barge, the oil is first heated by the application of steam which is brought from shore to the barge by a hose. About six weeks before the accident plaintiff noticed steam escaping from an expansion joint in the hose located about 20 feet from the barge's cabin. The escaped steam created a dense cloud which obscured vision near the joint. Although plaintiff made five or six reports on this condition to the defendant's barge superintendent and also to its vice-president, no repairs were made. Plaintiff attempted to remedy the leak by packing rags around it and tightening the joint with a wrench, but to no avail.

Early on the morning of January 10, 1957 the barge was tied up at Guttenberg, New Jersey, to discharge a cargo of cocoanut oil. The plaintiff connected the steam hose and turned it on. The steam was leaking badly and, after an hour and a quarter, a dense cloud about ten feet

wide had formed around the expansion joint. Because of the profuse leakage plaintiff decided to cut off the steam before discharging the cocoanut oil. In order to reach the valve he had to walk forward from the cabin through the dense cloud of steam. In doing so he tripped over a hose which was lying on the deck concealed by the escaping steam. Plaintiff testified that he fell on his back and experienced terrific pain in the lower part of his back, down into his legs. He has worn a body brace approximately 18 inches in length, reinforced by steel rods, from ten days after the accident until the time of trial, and has missed work frequently since then.

■ There was sufficient evidence for the jury to decide the causation question as it did. On cross-examination plaintiff testified about three accidents other than that of January 10, 1957 in which he had been involved. In 1951 he had fallen to the deck of the S. S. Porter when a ladder pulled away from the bulkhead, but he claimed not to have hurt his back. In 1960 when plaintiff's barge was struck by a tugboat and pushed into a tanker, he injured the same part of his back as in the January 10, 1957 accident. In June of 1958 he was involved in an auto accident with a taxicab, but testified that his back was not injured. On the basis of all the evidence, Judge Ritter properly left to the jury whether the January 10, 1957 accident caused plaintiff's injury.

■ Two of the alleged trial errors arise from plaintiff's cross-examination about these other accidents. On pre-trial deposition defendant's counsel asked plaintiff, "Have you ever injured your leg before, your foot, your knee, your thigh, your leg?" Plaintiff replied, "Not that I can recall." Before signing the transcript of the deposition plaintiff changed his answer. F.R.Civ.P. rule 30(e), 28 U.S.C.A. There is no dispute that the original transcript was an accurate record of the plaintiff's original answer to the question. On cross-examination of plaintiff at trial defendant's counsel read the question and original answer. Plaintiff's counsel objected, and Judge Ritter ruled that only the changed and not the original answer was admissible. Any out-of-court statement by a party is an admission; the original answer should have been admitted. Of course, the plaintiff would then be free to introduce the amended answer and explain the reasons for the change. However, the error was not prejudicial to defendant as its counsel read the original answer to the jury. Furthermore, the question and answer were of slight importance as the plaintiff testified in detail at trial about his injuries from accidents both before and after his January 10, 1957 fall.

■ After plaintiff on cross-examination had denied that his back had been injured in the June 1958 taxicab accident, Judge Ritter sustained an objection to the following question: "Didn't the [taxicab] company involved send you a check and didn't you return the check?" Since defendant's counsel made no offer of proof as to the response expected on this line of questioning, see F.R.Civ.P. rule 43(c), it is not clear what relevance the answer would have had. The whole question of the check seems far afield from whether plaintiff's back was injured in the taxicab accident, which plaintiff had already unequivocally denied.

■■ Defendant also advances two objections relating to the applicability of the Jones Act, neither of which has any merit. First, defendant complains that the trial judge unjustifiably curtailed its cross-examination of the plaintiff regarding his duties on the ship which would be relevant in ascertaining whether plaintiff was a "seaman" within the Jones Act. Although the trial judge first told defendant's counsel to confine his cross-examination to the scope of the direct examination, he later informed counsel that he could go into the duties performed by Mr. Usiak aboard the Betty K, but defendant's counsel did not avail himself of the opportunity. Second, defendant complains that the judge did not leave to the jury the question whether plaintiff was a "seaman" within the coverage of the Jones Act. By this defendant probably means that the jury should have been

left to decide whether the Jones Act, 46 U.S.C.A. § 688, or the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applied. The former gives "seamen" a tort cause of action for negligence; the latter gives certain employees injured upon navigable waters, but excluding "a master or member of a crew of any vessel," 33 U.S.C.A. § 903(a) (1), a right to compensation akin to workmen's compensation as their exclusive remedy. 33 U.S.C.A. § 905. However, on the basis of the evidence which had been elicited, plaintiff's duties so clearly made him "a master or member of a crew" that we would have reversed a jury verdict to the contrary. See Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430 (1944).

Affirmed.