NG YEN, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 384, Docket 27462.

United States Court of Appeals
Second Circuit.

Argued June 5, 1962.

Decided Sept. 21, 1962.

Clark, Waterman, Moore and Smith,
Circuit Judges, dissented.

Jules E. Coven, New York City (Abra-
ham Lebenkoff, New York City, on the
brief), for petitioner.

Roy Babitt, Sp. Asst. U. S. Atty., S.D.
N.Y., New York City (Robert M. Mor-
genthau, U. S. Atty., New York City, on
the brief), for respondent.

Before LUMBARD, Chief Judge, and
CLARK, WATERMAN, MOORE,
FRIENDLY, SMITH, KAUFMAN,
HAYS and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

This is a petition for review present-
ing problems similar to those considered
in Foti v. Immigration and Naturaliza-
tion Service, 2 Cir., 308 F.2d 779. Peti-
tioner, a native and citizen of China—
where his wife and child reside—en-
tered the United States in January 1947
as a visitor for pleasure for six months,
and has been here ever since. He con-
cedes his deportability, but has sought
suspension of deportation under the
hardship provisions of § 244(a) (1) of
the Immigration and Nationality Act,
8 U.S.C.A. § 1254(a) (1). He also as-
serts fear of persecution if returned to
China. The Special Inquiry Officer not-
ed that for the latter he should have
sought withholding of deportation under
§ 243(h) of the Act, 8 U.S.C.A. § 1253
(h). The Officer denied relief under §
244(a) (1) but authorized him to depart
voluntarily in lieu of deportation under
§ 244(e), 8 U.S.C.A. § 1254(e). Peti-
tioner did not so depart, but instead filed
this petition for review.

Our jurisdiction on review was not
contested; indeed, the Immigration and
Naturalization Service, consistent with
the position taken by it in Foti v. Immi-
gration and Naturalization Service, this
day decided, but inconsistent with its
position elsewhere, urged us to take ju-
risdiction. The case was heard initially
by Judges Clark, Waterman and Moore,
who voted to uphold jurisdiction. It was
later voted that the case be considered
by the full court, along with the Foti
case. Such consideration, as there ex-
plained, has resulted in a decision, by a
5–4 vote, that we have no jurisdiction.
Accordingly the petition is dismissed on
that ground.

CLARK, Circuit Judge, with whom
WATERMAN, MOORE, and SMITH,
Judges, join (dissenting).

As in the companion case of Foti v.
Immigration and Naturalization Service,
2 Cir., 308 F.2d 779, the issue of our ju-
risdiction was not raised by the parties,
but is entirely court-created. The orig-
inal panel hearing this case, consisting of
Judges Waterman and Moore and the
writer, concurred in an opinion for af-
firmance on the merits when we were
met with an order for proceedings *in
banc*, resulting in the opinion herewith

from which we dissent. For reasons stated at some length in the Foti case we are clear that we have jurisdiction under 8 U.S.C. § 1105a(a) and that we should consider the petition for review on the merits, and so adjudicate.