Joseph WALTERS, Plaintiff-Appellant,

v.

MOORE–McCORMACK LINES, INC.,
Defendant-Appellee.

No. 15. Docket 27473.

United States Court of Appeals
Second Circuit.

Petition for Rehearing In Banc
Submitted Oct. 30, 1962.

Decided Jan. 14, 1963.

Irvin L. Kaye, New York City, on the brief, for plaintiff-appellant.

Before LUMBARD, Chief Judge, and CLARK, WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

Six judges having voted to deny the plaintiff-appellant's petition for in banc reconsideration of his appeal from dismissal of his complaint after a panel of this court had voted to affirm the judgment below, we decline to consider the case in banc. Usually we enter an order which merely notes those judges dissenting, in this case Judges CLARK, SMITH and MARSHALL. Judge CLARK has set out his dissenting views at some length. As his characterization of our record in granting or denying in

banc review seems to me inaccurate and incomplete, I think it desirable to add a statement of my own. What follows represents my own views.

Since an in banc hearing was first granted in this Circuit in 1956 in In re Lake Tankers, Corp., 2 Cir., 235 F.2d 783, aff'd 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957), the members of this court have been alert to those issues and cases which might require in banc consideration. We have become sensitive to the added problems created by the increase in the number of active judges to nine, which has greatly increased the possibility that the decision of a panel may reflect the view of only a minority of the members of the court.

A summary of the 30 cases which this court has heard in banc (see appendix to this opinion) demonstrates that Judge CLARK's generalization that "prosecutors and prison officials have traditionally had first call, and important property issues are given careful consideration," while "seamen's claims have practically no chance at all of *in banc* hearing" distorts the actual record.

More than one-third of our 30 in banc cases have been in the field of criminal law—5 involved federal criminal law [1] and 6 involved review of or possible interference with state criminal prosecutions.[2] Approximately another one-third, or 9 cases, have involved the construction of federal statutes,[3] and an additional 3 have involved questions of federal procedure.[4] Of the remaining 6 cases, 3 have involved seamen,[5] and the others were concerned with the full faith and credit clause of the Constitution, art. 4, § 1,[6] the conduct of civil trials,[7] labor arbitration,[8] and admiralty.[9]

With a recent average of about 380 arguments each year, it is apparent that the court must strictly limit the number

1. Cases numbered 3, 12, 13, 15, 24.

2. Cases numbered 4, 5, 10, 11, 18, 30.

3. Cases numbered 6, 16, 20, 21, 23, 25, 26, 28, 29.

4. Cases numbered 2, 8, 9.

5. Cases numbered 7, 19, 22.

6. Case numbered 27.

7. Case numbered 14.

8. Case numbered 17.

9. Case numbered 1.

of those cases which engage the attention of all nine judges.

The most important criterion for granting an in banc hearing is whether the case involves an issue likely to affect many other cases.[10] Mere disagreement, or likelihood of disagreement, with the panel decision, has not generally been regarded as sufficient reason for a further hearing, although that is naturally one factor which is given some weight in our votes. In many cases the dissenting judge has opposed an in banc hearing because of the feeling that the question did not warrant the time of all the judges. Conversely, judges have voted to refer to the whole court their own majority opinions or those of other judges with which they agreed.

The overwhelming majority of cases considered in banc do not lend themselves to being categorized as giving "first call" to "prosecutors and prison officials" or as involving "important property issues." Labelling of this kind is scarcely appropriate for the vast majority of cases before us, which involve an amalgam of public and private litigants' interests, general questions of law, and issues of particular fact. Judges, no more than anyone else, see all cases in the same light; what to one of us seems to merit full court consideration for one reason, will present to another an entirely different demand on the full

court's attention, and to a third will appear unworthy of being carried beyond the decision of a panel.

I do not understand Judge CLARK's statement that clarification of our in banc procedure is not provided by a consideration of "the nature of the issue" involved in these cases. As I understand the purpose of in banc review, the precise question which controls our decision whether or not to adopt this extraordinary procedure is whether a case presents an issue of sufficient concern to enough litigants who are or may become involved in similar situations so that the even-handed administration of justice will be benefited by a decision by the entire court. The "human element" on which Judge CLARK focuses is, of course, present in every case, whether considered in banc or not. But it is not the basis on which in banc review has been, or should be, granted.

The simple fact is that most seamen's cases present no issue of legal principle; the controlling questions usually involve the application of accepted principles to the facts. Here, the vote of six judges to deny the petition means only that in the light of all the pertinent considerations they feel that the questions presented are not important enough to warrant further consideration. While we all must, and do, respect and consider the views of our brethren as to the issues

10. Thus Schaefer (Case No. 2), was heard in banc because it raised "an important question of practice and procedure going beyond the fortunes of this particular case." In McWeeney (Case No. 14), the three panel members joined in referring for in banc "since similar issues arise frequently in trials in this circuit. * * *" In Apuzzo (Case No. 3), we said that the operative factor was the "potential importance in the administration of the criminal law," 2 Cir., 245 F. 2d 416. In Gori (Case No. 13), it was our belief that "the case presented a general problem important to the administration of justice in this circuit." In Santore (Case No. 15), it was the importance of the questions raised in the administration of the narcotic laws. In United States v. Jones (Case No. 24), it was "to clear up any confusion that

might exist as to our previous interpretations" of the narcotic statutes. In Brown v. Bullock (Case No. 16), the issue was considered to be "novel and of public as well as private importance." In Winston v. United States (Case No. 20), the reason for granting in banc was stated to be the importance of the issue and the fact that the panel decision was in conflict with decisions of two other courts of appeals and several district courts. In Foti (Case No. 25), the important consequences of the decision were noted. In Fitzgerald v. United States Lines Co. (Case No. 22), a conflict with a recent dictum and the constantly recurring nature of the problem in the district courts were the reasons for granting in banc. 2 Cir., 306 F.2d at 463.

which are of such compelling importance as to justify a departure from the regular panel procedure, none of us can abdicate his responsibility to determine this question for himself in each case which arises.

## APPENDIX

1. In re Lake Tankers Corp., 2 Cir., 235 F.2d 783. Decided August 21, 1956. Involved limitation in admiralty. Aff'd 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957).

2. F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889. Decided September 12, 1956. Involved time within which to appeal from district court decision. Rev'd 356 U.S. 227, 78 S. Ct. 674, 2 L.Ed.2d 721 (1958).

3. United States v. Apuzzo, 2 Cir., 245 F.2d 416. Decided May 28, 1957. Involved the propriety of reference to the defendant's prior record in a criminal case. Cert. denied 355 U.S. 831, 78 S.Ct. 45, 2 L.Ed.2d 43 (1957).

4. United States ex rel. Roosa v. Martin, 2 Cir., 247 F.2d 659. Decided August 16, 1957. Involved question whether state remedies had been exhausted. No Supreme Court action.

5. United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662. Decided August 16, 1957. Involved effect of poverty on requirement of exhaustion of state remedies and right to counsel. Cert. denied 355 U.S. 915, 78 S.Ct. 342, 2 L. Ed.2d 274 (1958).

6. American-Foreign S. S. Corp. v. United States, 2 Cir., 265 F.2d 136. Decided July 28, 1958. Involved applicable statute of limitations in suit for recovery of overpayments of charter hire made to Maritime Commission. Vacated and remanded on another ground, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960). Reheard in banc. Decided on May 26, 1961, 2 Cir., 291 F. 2d 598. Cert. denied 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961).

7. Reardon v. California Tanker Co., 2 Cir., 260 F.2d 369. Decided November 6, 1958. Involved effect on Jones Act recovery of payment under collective bargaining agreement. Cert. denied 359 U. S. 926, 79 S.Ct. 609, 3 L.Ed.2d 628 (1959).

8. Mueller v. Rayon Consultants, Inc., 2 Cir., 271 F.2d 591. Decided November 12, 1959. Involved time in which to appeal from district court decision. No Supreme Court action.

9. Sperry Rand Corp. v. Bell Tel. Lab., Inc., 2 Cir., 272 F.2d 29. Decided November 12, 1959. Involved availability of interlocutory appeal. No Supreme Court action.

10. Pugach v. Dollinger, 2 Cir., 277 F.2d 739. Decided April 14, 1960. Involved power of federal court to enjoin state officials from divulging wiretap evidence in state criminal trials. Aff'd 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961).

11. O'Rourke v. Levine, 2 Cir., 277 F.2d 739. Decided April 14, 1960. Involved same question as Pugach (Case No. 10). No Supreme Court action.

12. United States v. Coppola, 2 Cir., 281 F.2d 340. Decided May 20, 1960. Involved state-federal cooperation and the Mallory rule. Aff'd 365 U.S. 762, 81 S.Ct. 884, 6 L.Ed.2d 79 (1961).

13. United States v. Gori, 2 Cir., 282 F.2d 43. Decided July 22, 1960. Involved attachment of jeopardy in case of mistrial. Aff'd 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

14. McWeeney v. New York, N. H. & H. R. R., 2 Cir., 282 F.2d 34. Decided July 29, 1960. Involved refusal of court to charge regarding non-taxable nature of award in F. E. L. A. case, and also regarding taxes on plaintiff's future income. Cert. denied 364 U.S. 870, 81 S. Ct. 115, 5 L.Ed.2d 93 (1960).

15. United States v. Santore, 2 Cir., 290 F.2d 51. Decided November 16, 1960. Involved application of presumption of knowledge of illegal importation in narcotics prosecution. Cert. denied 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed. 2d 743 (1961).

16. Brown v. Bullock, 2 Cir., 294 F. 2d 415. Decided September 5, 1961. In-

volved existence of federal jurisdiction under Investment Company Act. No Supreme Court action.

17. Drake Bakeries, Inc. v. Local 50, 2 Cir., 294 F.2d 399. Decided September 12, 1961. Involved arbitrability of labor dispute. Aff'd 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962).

18. United States ex rel. Reid v. Richmond, 2 Cir., 295 F.2d 83. Decided September 19, 1961. Involved alleged denial of constitutional rights in a state murder conviction. Cert. denied 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961).

19. Puddu v. Royal Netherlands S. S. Co., 2 Cir., 303 F.2d 752. Decided May 15, 1962. Involved a judge verdict for defendant in action for unseaworthiness and maritime tort. Cert. denied, 371 U. S. 840, 83 S.Ct. 67, 9 L.Ed.2d 75 (1962).

20. Winston v. United States, 2 Cir., 305 F.2d 253. Decided June 28, 1962. Involved right of prisoner to sue under Federal Tort Claims Act. Cert. granted, 371 U.S. 919, 83 S.Ct. 292, 9 L.Ed.2d 229 (1962).

21. Muniz v. United States. 2 Cir., 305 F.2d 285. Decided June 28, 1962. Involved same question as Winston (Case No. 20). Cert. granted 371 U.S. 919, 83 S.Ct. 292, 9 L.Ed.2d 229 (1962).

22. Fitzgerald v. United States Lines Co., 2 Cir., 306 F.2d 461. Decided June 29, 1962. Involved right to jury trial in claim for maintenance and cure. Cert. granted 371 U.S. 932, 83 S.Ct. 307, 9 L. Ed.2d 269 (1962).

23. S.E.C. v. Capital Gains Research Bureau, Inc., 2 Cir., 306 F.2d 606. Decided July 13, 1962. Involved whether a violation of the Investment Advisers Act of 1940, §§ 206(1) and (2) was so clear as to justify a preliminary injunction. Cert. granted 371 U.S. 967, 83 S. Ct. 550, 9 L.Ed.2d 538 (1963).

24. United States v. Jones, 2 Cir., 308 F.2d 26. Decided August 17, 1962. Involved constructive possession of narcotics. No Supreme Court action.

25. Foti v. Immigration & Nat. Serv., 2 Cir., 308 F.2d 779. Decided September 21, 1962. Involved jurisdiction of court to review discretionary orders of Attorney General withholding or suspending deportation. Cert. granted 371 U.S. 947, 83 S.Ct. 503, 9 L.Ed.2d 496 (1963).

26. Ng Yen v. Immigration & Nat. Serv., 2 Cir., 308 F.2d 796. Decided September 21, 1962. Involved same question as Foti (Case No. 25). No Supreme Court action.

27. Pearson v. Northeast Airlines Inc., 2 Cir., 309 F.2d 553. Decided November 8, 1962. Involves constitutionality of refusal by a federal court in New York to apply recovery limitation in applicable Massachusetts wrongful death statute. Cert. denied Northeast Airlines Inc. v. Pearson, 83 S.Ct. 726 (1963).

28. Atlantic City Electric Co. v. General Electric Co. et al., 312 F.2d 236. Decided December 31, 1962. Involves construction of limitation provisions with respect to civil suits under the antitrust laws.

29. Farrand Optical Co. v. United States. Pending. Ordered November 30, 1962, 2 Cir., —— F.2d ——. Involves jurisdiction of the district court in certain suits for the use of patents by the government.

30. United States ex rel. Bloeth v. Denno, 2 Cir., 313 F.2d 364. Decided January 25, 1963. Involves alleged denial of constitutional rights in a state murder conviction.

CLARK, Circuit Judge (dissenting).

I dissent from the order denying the petition for a rehearing *in banc*. In view of the anomalies of our *in banc* procedure, illustrated in an increasing number of cases of which this is a crowning example, it seems desirable, if not necessary, to point out where we seem to have arrived or to be tending. And I believe our cases show a clear trend toward a denial of *in banc* for, and of prejudicial discrimination against, *inter alios*, Jones Act plaintiffs which is increasing as our

cases multiply. The situation assumes more urgency when we note that here a minimum of four judges has shown discontent with the decision and that the number so feeling may well be more, since only two judges are on record as approving it. Thus a minority decision, of doubtful character as pointed out below, becomes frozen in as the law of the Circuit.

In theory, proceedings *in banc* should be a handy means whereby a multi-judge court resolves differences of theory to present a united front to the bar and lower courts.[1] In our practice it just does not work out that way. In view of the load of business we have, it is entirely impracticable to hear every case *in banc* where anyone desires that course. Hence there comes an inevitable question of choice. It is here that on the record our increasingly discriminatory attitude appears. To generalize, it is clear that prosecutors and prison officials have traditionally had first call,[2] and important property issues are given careful consideration.[3] On the other hand, seamen's claims have practically no chance at all

1. For discussion of the problems that are faced by the bar of a court which sits in panels, see Llewellyn, The Common Law Tradition: Deciding Appeals 313–317 (1960). See Note, En Banc Procedure in the Federal Courts of Appeals, 111 U. of Pa.L.Rev. 220 (1962); Maris, Hearing and Rehearing Cases in Banc, 14 F.R.D. 91.

2. In the following cases a panel decision reversing a criminal conviction was vacated, and the original judgment below restored. United States v. Coppola, 2 Cir., 281 F.2d 340, affirmed Coppola v. United States, 365 U.S. 762, 81 S.Ct. 884, 6 L.Ed.2d 79; United States v. Gori, 2 Cir., 282 F.2d 43, affirmed Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901; United States v. Santore, 2 Cir., 290 F.2d 51 (in part only), cert. denied Santore v. United States, 365 U.S. 834, 81 S.Ct. 745, 5 L. Ed.2d 743. In U. S. ex rel. Reid v. Richmond, 2 Cir., 295 F.2d 83, cert. denied 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344, the court ordered *in banc* hearing and reversed a grant of habeas corpus. See also U. S. ex rel. Bloeth v. Denno, 2 Cir., 313 F.2d 364. In Winston v. United States, 2 Cir., 305 F.2d 253, and Muniz v. United States, 2 Cir., 305 F.2d 285, cert. granted United States v. Muniz, 371 U.S. 919, 83 S.Ct. 292, 9 L.Ed.2d 229, *in banc* hearings were granted on the government's application, though the panel decisions were finally reaffirmed. There are no cases of grant on application of the accused. In the following cases *in banc* hearings were granted on the initiative of the court or a majority of the active judges: United States v. Apuzzo, 2 Cir., 245 F.2d 416, cert. denied Apuzzo v. United States, 355 U.S. 831, 78 S.Ct. 45, 2 L.Ed.2d 43 (conviction affirmed); U. S. ex rel.

Roosa v. Martin, 2 Cir., 247 F.2d 659 (denial of habeas corpus affirmed); U. S. ex rel. Marcial v. Fay, 2 Cir., 247 F. 2d 662, cert. denied Fay v. U. S. ex rel. Marcial, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274 (denial of habeas corpus reversed for hearing below); United States v. Jones, 2 Cir., 308 F.2d 26 (conviction reversed); Pugach v. Dollinger, 2 Cir., 277 F.2d 739, affirmed 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678, and O'Rourke v. Levine, 2 Cir., 277 F.2d 739 (each affirming the trial court's denial of injunction against use of wiretap evidence in state criminal trials, *cf.* earlier panel decision granting a stay, Pugach v. Dollinger, 2 Cir., 275 F.2d 503). In U. S. ex rel. Brown v. Smith, 2 Cir., 306 F.2d 596, 606, application of the relator was denied by divided vote. In Foti v. Immigration and Naturalization Service, 2 Cir., 308 F.2d 779, cert. granted 371 U.S. 947, 83 S.Ct. 503, 9 L.Ed.2d 496, and Ng Yen v. Immigration and Naturalization Service, 2 Cir., 308 F.2d 796, the court ordered hearing *in banc* and then by divided vote dismissed petitions for review by aliens on grounds of lack of jurisdiction.

3. In the following important property cases applications for *in banc* hearings were granted, though the decisions were ultimately affirmed in substance: In re Lake Tankers Corp., 2 Cir., 235 F.2d 783, affirmed Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246; American-Foreign S. S. Corp. v. United States, 2 Cir., 265 F.2d 136, vacated and remanded United States v. American-Foreign S. S. Corp., 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491, affirmed (in major part), American-Foreign S. S. Corp. v. United States, 2 Cir., 291 F. 2d 598, cert. denied 368 U.S. 895, 82 S. Ct. 171, 7 L.Ed.2d 92; Mueller v. Rayon

of *in banc* hearing,[4] though these cases are now the most debated of all issues within the court.[5]

The area of Jones Act litigation is one where for a number of reasons we ought to be particularly responsive to requests for full court review. First, these are cases of great importance, often involving serious limitations on the right of trial by jury, and of course of serious moment to the parties, including usually a seriously injured plaintiff and his dependents. In point of fact, further review of these cases by the Supreme Court is unusual, and certiorari for the most part is not even sought.[6] It is well known that there is a widely held professional view, apparently shared by a minority of

Consultants, Inc., 2 Cir., 271 F.2d 591 (interlocutory appeal denied); Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 2 Cir., 272 F.2d 29 (interlocutory appeal denied); McWeeney v. New York, N. H. & H. R. Co., 2 Cir., 282 F.2d 34, cert. denied New York, N. H. & H. R. Co. v. McWeeney, 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 93; Brown v. Bullock, 2 Cir., 294 F.2d 415; Atlantic City Electric Co. v. General Electric Co., 2 Cir., 312 F.2d 236. See also Farrand Optical Co. v. United States, 2 Cir., — F.2d —, ordered Nov. 30, 1962, and now pending; Pearson v. Northeast Airlines, 2 Cir., 309 F.2d 553 (plaintiff's application for *in banc* granted and decision below restored), Northeast Airlines, Inc. v. Pearson, 83 S.Ct. 726; S. E. C. v. Capital Gains Research Bureau, 2 Cir., 306 F.2d 606 (hearing *in banc* granted on application of S. E. C., but original decision reaffirmed), cert. granted 371 U.S. 967, 83 S.Ct. 550, 9 L.Ed.2d 538; Drake Bakeries Inc. v. Local 50, American Bakery & Confectionery Workers International, AFL-CIO, 2 Cir., 294 F.2d 399 (hearing *in banc* granted on application of the union, panel decision vacated, and decision below affirmed), affirmed 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474; The F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889 (heard *in banc* on court order and appeal dismissed), reversed United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721. Hearings *in banc* were denied by divided courts in Matthies v. Seymour Mfg. Co., 2 Cir., 271 F.2d 740, cert. denied 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 554; Glenmore v. Ahern, 2 Cir., 276 F.2d 525, 549, cert. denied Tri-Continental Financial Corp. v. Glenmore, 362 U.S. 964, 80 S.Ct. 877, 4 L.Ed. 2d 878; and Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 280 F.2d 800, 804, as well as in Carrier Corp. v. N. L. R. B., 2 Cir., 311 F.2d 135 (on the applications of the N. L. R. B. and a union).

4. Applications by Jones Act plaintiffs for rehearing *in banc* of panel decisions overturning awards in their favor were denied in Salem v. U. S. Lines Co., 2 Cir., 293 F.2d 121, reversed on this issue 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313, verdict reinstated 2 Cir., 304 F.2d 672; Nuzzo v. Rederi, A/S Wallenco, Stockholm, Sweden, 2 Cir., 304 F.2d 506, 514; and the present case. A like application was denied to affirm a defendant's decision below in Pinto v. States Marine Corp. of Del., 2 Cir., 296 F.2d 1, 8, cert. denied 369 U.S. 843, 82 S.Ct. 874, 7 L. Ed.2d 847. Our only grants of *in banc* in seamen's cases are Reardon v. California Tanker Co., 2 Cir., 260 F.2d 369, 375, cert. denied California Tanker Co. v. Reardon, 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 628; and Fitzgerald v. U. S. Lines Co., 2 Cir., 306 F.2d 461, cert. granted 371 U.S. 932, 83 S.Ct. 307, 9 L.Ed.2d 269, both involving special problems as to maintenance and cure only; also Puddu v. Royal Netherlands S. S. Co., 2 Cir., 303 F.2d 752, cert. denied 371 U.S. 840, 83 S.Ct. 67, 9 L.Ed.2d 75 where *in banc* was voted after published dissent protesting the initial denial, but the majority reaffirmed *without* reviewing the evidence on the issue of unseaworthiness. For other cases see notes 5 and 7 infra.

5. For other cases during the last judicial term denying seamen's recovery—in addition to those cited in note 4 supra—see Ezekiel v. Volusia S. S. Co., 2 Cir., 297 F.2d 215; Richter v. Mathiasen's Tanker Industries, Inc., 2 Cir., 297 F.2d 494; Hooper v. Terminal S. S. Co., 2 Cir., 296 F.2d 281. Cases which went against this trend were Van Carpals v. S. S. American Harvester, 2 Cir., 297 F. 2d 9, cert. denied S. S. Lines Co. v. Van Carpals, 369 U.S. 865, 82 S.Ct. 1031, 8 L.Ed.2d 84; Massa v. C. A. Venezuelan Navigacion, 2 Cir., 298 F.2d 239; Usiak v. New York Tank Barge Co., 2 Cir., 299 F.2d 808; DeLima v. Trinidad Corp., 2 Cir., 302 F.2d 585.

6. Compare cases cited in notes 4, 5 supra. It is not clear why certiorari is not sought in more of these cases; the cases may have been settled, and in any event the expense of litigation may be a bar to further action by needy litigants.

the Court, that it ought not to spend time to hear personal injury cases. But this should make us even more assiduous in seeing that full review is had in our court.

Second, *in banc* procedure is particularly desirable here because in the cases which the Supreme Court has reviewed and reversed, my brothers are showing a surprising reluctance to accept the meaning of the decisions as applied to any case except the single one in which it is rendered. An unusual example flows from the reversal in Salem v. U. S. Lines Co., 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313, of our reversal of a jury award in Salem v. U. S. Lines Co., 2 Cir., 293 F.2d 121, a holding that the plaintiff was not required to produce expert evidence as to the need for certain rigging of the ship. We accepted this result and restored the verdict in Salem v. U. S. Lines Co., 2 Cir., 304 F.2d 672. But even though I asked for an *in banc* hearing at least to consider the bearing of this Supreme Court decision, such rehearing of our just rendered decision upsetting findings of fact and an award below was denied in Nuzzo v. Rederi, A/S Wallenco, Stockholm, Sweden, 2 Cir., 304 F.2d 506, 511. I am at a loss to understand why the Supreme Court decision was not controlling in the Nuzzo case or what the grounds of distinction could possibly be. This seems an extreme example of our practice to consider each case as an isolated happening, so that reversals of our reversals below are held without significance.[7] So as a matter of cold statistics it follows that no matter how erroneous a ruling of ours on the debated issue of seaworthiness may be, its chances of review and reversal are slight, probably well under 5 per cent.

A final powerful reason for full review—a reason which each one of my colleagues has found adequate justification from time to time for *in banc* in

cases of special interest to him—is that the panel decision seems to me clearly in error. This is but another instance where this court has shown itself unwilling to adjust to the modern conception of unseaworthiness as defined by the Supreme Court.[8] It should always be borne in mind that we are not now dealing with the plaintiff's recovery; instead we are concerned with the right of trial by jury and how far an issue of fact can be taken from the jury. Here the asserted limitation surely presents a jury issue. If an assault by one seaman on another with a knife or brandy bottle presents a jury issue, I am at a loss to see how an equally deadly attack accomplished by the skillful use of the bare hand or hands *as a matter of law* cannot show the ship unseaworthy. I am in hearty accord with Judge Friendly's persuasive dissent, 2 Cir., 309 F.2d 191, 195, 197—except for his gratuitous urging of a Congressional "revision of the law in this area that is so long overdue," an issue outside our province where we ought not to be taking sides.

I am glad that Chief Judge LUMBARD has now taken occasion to examine this situation with care in his accompanying opinion; the more light we may have upon it, the higher probability that we shall arrive at a correct or at least an operable procedure. But the classification selected by the Chief Judge is uninformative, if not misleading. He concentrates entirely upon the nature of the issue in each case, overlooking the human element, the actual litigants affected by the result. Classification according to the nature of the issue gets us nowhere, since we have reached no agreement as to which issues are important; note, for example, my brothers' reaction to my view that the problem of unseaworthiness in Jones Act cases is presently the most important one before this court. It seems

7. Other reversals might include Palermo v. Luckenbach S. S. Co., 355 U.S. 20, 78 S.Ct. 1, 2 L.Ed.2d 3, reversing 2 Cir., 246 F.2d 557; Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 77 S.Ct. 459, 1 L.Ed.2d 515, reversing 2 Cir., 228

F.2d 891; and Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550, vacating 2 Cir., 245 F.2d 175.

8. See my dissents in cases cited in notes 4 and 5 supra.

to me that we must regard as important every issue so viewed by one or more of the active judges. (Throughout I am omitting as not in point all reference to those numerous cases where counsel have sought *in banc* proceedings without obtaining the affirmative vote of a single active judge.[9]) But in viewing the impact of our practice it is of great importance to observe—as the Chief Judge does not—(a) who is able to secure *in banc* hearings and (b) who is not. Thus it seems informative to learn that a public prosecutor has an excellent chance of securing this form of review, while a seaman has almost none. This information appears in my footnotes 2, 3, and 4 supra. In fact denial of *in banc* tells more than its grant in these cases, for it shows that even where the issue is controversial and important (as it surely is where the court so sharply divides, notwithstanding the Chief Judge's implication to the contrary) nonetheless *in banc* will be denied to disfavored applicants. Thus upon what basis can we support denial of a state prisoner's application seeking full-court review of the *overturning* of a careful and reasoned district court finding of trial unfairness, as in the Brown case, while it is quickly granted to reverse such a finding by an experienced trial judge, now our colleague, in the Reid case, or to overturn a panel's reversal of a conviction as based on an improper admission of a confession in the Coppola case—all set forth in my note 2 supra? These and other diverse rulings hardly grant the litigants before us the benefit of that "evenhanded administration of justice" to which the Chief Judge alludes and which we all wish to afford.

The present case on the debated issue of unseaworthiness presents the problem acutely. Although it appears to satisfy all the criteria even hinted at by the Chief Judge, such as number and importance of the cases coming to us, our distinguished colleague evinces an intent to veto all *in banc* hearings in seamen's cases, since "The simple fact is that most seamen's cases present no issue of legal principle; the controlling questions usually involve the application of accepted principles to the facts." Surely this is quite in error. The question is one of *law*—and indeed quite important law— where there has been a refusal to follow "accepted principles" as to trial by jury or the respect to be accorded a trial judge's findings. If the case were actually one involving only the resolution of facts in a single case I should not be trying so desperately to secure full court review of our handling of this issue. But the cases appearing in my notes 4, 5, and 7 supra show a denial of trial rights accorded by Supreme Court precedents, even a refusal to consider or discuss pertinent decisions, as in the Nuzzo case stated above, Nuzzo v. Rederi, A/S Walletico, Stockholm, Sweden, 2 Cir., 304 F. 2d 506, 511. Naturally I do not enjoy dissenting, but I do not see any other way to bring to the surface these cases actually making the law of the Circuit contrary to what seemingly a majority of the court really believes. I could contemplate with some equanimity a return to our old practice of never granting *in banc* procedure if such a course can be held legal under the statute, 28 U.S.C. § 46(c). But I do feel a responsibility to oppose as I can the present discriminatory selection of cases for favored treatment which results in such a distortion of the law of this Circuit.

I would grant the petition.

---

9. Hence nearly all the decisions cited in notes 2, 3, and 4 supra were rendered by sharply divided courts.