Carlos **MUNIZ,** Plaintiff-Appellant,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 98, Docket 26841.

United States Court of Appeals Second Circuit.

Argued Nov. 28, 1961.

Decided Feb. 27, 1962.

Rehearing En Banc Decided June 28, 1962.

Charles A. Ellis, New York City (Friedman, Friedman & Friedman, New York City, on the brief), for plaintiff-appellant.

Jerome I. Levinson, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., and Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, on the brief), for defendant-appellee.

Before CLARK, HINCKS and KAUFMAN, Circuit Judges.

HINCKS, Circuit Judge.

Like Winston v. United States, 2 Cir., 305 F.2d 253 (1962), also decided this day, this case presents the question of the United States' liability for negligence in its handling of federal prisoners. In his complaint below, Carlos Muniz alleges that while confined in the federal prison at Danbury, Connecticut, he was set upon and beaten by twelve fellow inmates. The complaint charges negligence generally in not maintaining proper guards or segregation of prisoners in the prison yard; more specifically, it attacks the alleged action of a guard in locking plaintiff into a dormitory with his twelve assailants, who proceeded to beat him into insensibility and partial blindness, unrestrained by guards or other prisoners. The court below dismissed plaintiff's action, relying on the precedents we declined to follow in Winston.

For the reasons detailed in Winston, we reverse this case as well. One point, however, the government presses here more assiduously than in Winston: that a damage action by a prisoner subjects to judicial determination acts exclusively within the competence and authority of the Bureau of Prisons, under the direction of the Attorney General, 18 U.S.C. § 4042 (1958).

That section does indeed charge the Bureau with "management and regulation of all Federal penal and correctional

institutions"; it imposes the duty to "provide * * * for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise"; and to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

But a mere grant of authority cannot be taken as a blanket waiver of responsibility in its execution. Numerous federal agencies are vested with extensive administrative responsibilities. But it does not follow that their actions are immune from judicial review.

Nor does reference to Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152 (1950), avail the government here. In Feres the Supreme Court refused to subject military actions to civilian judicial scrutiny. But the actions there in question were subject to military judicial review, under comprehensive laws enacted by Congress. 10 U.S.C. § 1 et seq. To allow civilian court review in Feres would have subjected military actions to two judicial systems; to disallow it here would subject prison actions to no judicial scrutiny whatever.

Leaving entirely aside the question of whether Congress could, if it wished, subject prisoners to the caprice of prison authorities or their fellow-prisoners without infringing constitutional rights, cf. Kent v. Dulles, 357 U.S. 116, 125–27, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958), we cannot impute such harsh motives to a liberal statute such as the Tort Claims Act.

Nor does this case fall within the exemption of 28 U.S.C. § 2680(h), barring claims "arising out of assault." That exception applies only to assaults by government agents, not to assaults by third parties which the government negligently fails to prevent. Panella v. United States, 216 F.2d 622 (2d Cir. 1954).

Reversed.

KAUFMAN, Circuit Judge (dissenting).

I dissent for the reasons stated in my dissenting opinion in Winston v. U. S., 305 F.2d 258 (2nd Cir. 1962), decided this day.

As I noted there, the claims made by Muniz will subject the actions taken by the prison authorities to far-reaching judicial review; and the decision in this case will force the lower courts to substitute their judgment of what constitutes "reasonable" behavior in the delicate area of prison administration for that of the persons charged by statute with the duty of running our correctional system.

The issue is not as the majority would frame it—whether the duty of the Bureau of Prisons is to be immune from judicial review. It is whether Congress intended such review to result as a by-product of the application of the Federal Tort Claims Act. If I am correct in concluding that Congress did not expect that Act to apply to prisoner claims, it is irrelevant that Congress, if faced with the problem at a later date, might decide that such review is desirable or at least tolerable.

Likewise it is not for this Court to judge whether Congressional intent is "harsh"; and assertions by the majority to the effect that this is a "liberal" statute must be considered in connection with the conflicting maxim that statutes waiving sovereign immunity ought to be narrowly construed. See Panella v. U. S., 216 F.2d 622, 624, n. 3 (2nd Cir. 1954) (Harlan, J.).

Therefore, I would affirm in this case also.

On Rehearing en Banc

Before LUMBARD, Chief Judge, and CLARK, WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

As in Winston v. United States, decided en banc this day, the question presented by this case is whether an in-

mate in a federal penitentiary may sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674–2680 (1958). The case was originally heard by a panel consisting of Judges Clark, Hincks and Kaufman and the question was resolved, Judge Kaufman dissenting, in favor of the right of a prisoner to sue. The facts are stated in Judge Hincks' opinion reported at 305 F.2d 286.

The order of the district court holding federal prisoners to be outside the scope of the Act is reversed on Judge Hincks' opinion and on the opinion of the court en banc in Winston v. United States.

KAUFMAN, Circuit Judge, whom Chief Judge LUMBARD, and Judges MOORE and FRIENDLY join (dissenting).

For the reasons stated in this writer's dissenting opinion to a decision by a panel of the Court in this case, 305 F.2d 287, and in the dissent to the opinion of the majority on rehearing en banc of Winston v. U. S., 305 F.2d 273 (2d Cir. 1962) filed today, we would affirm.