**J. M. PENDARVIS, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. AC-1325.

United States District Court
E. D. South Carolina,
Columbia Division.

May 4, 1965.

N. Welch Morrisette, Jr., McLain, Sherrill & Morrisette, Columbia, S. C., for plaintiff.

Wistar D. Stuckey, Asst. U. S. Atty., Terrell L. Glenn, U. S. Atty., Columbia, S. C., for defendant.

SIMONS, District Judge.

Defendant's motion for summary judgment, under Rule 56 of Federal Rules of Civil Procedure, in the captioned matter was heard during the March, 1965 term of court in Columbia. The court has carefully considered the record, including interrogatories propounded by defendant, answers thereto by plaintiff, and able arguments of counsel.

The action is brought pursuant to 28 U.S.C. § 1346 [b], Federal Tort Claims Act. Plaintiff's complaint alleges that, on August 6, 1963, at eleven o'clock p. m., plaintiff was negligently seized and injured in the front yard of his home in Edgefield, South Carolina, by agents and employees of defendant, while acting within the scope of their duties and employment, as members of the United States Army engaged in an exercise known as "Swift Strike"; further, that the agents of defendant then negligently took the plaintiff into custody and negligently failed and refused to give or allow medical attention. Complaint further alleges that after approximately forty-five minutes the agents of defendant took plaintiff to a field hospital, where his injuries were negligently diagnosed; and further, that he was negligently treated and released the following morning. Plaintiff then alleges resulting injuries and damages.

Plaintiff states in his answers to interrogatories that he was attacked and struck over the head by a band of army soldiers. Defendant contends that plaintiff's cause of action is one arising out of assault, battery, false imprisonment, or false arrest, and is barred by section 2680 [h] of Title 28 U.S.C., which excludes the following types of claims from the provisions of the Federal Tort Claims Act: "Any claim arising out of assault, battery, false imprisonment, false arrest * * *."

Counsel for plaintiff contends that his cause of action does not constitute an assault and battery, in that the acts complained of are negligent, not intentional, acts on the part of the army personnel in erroneously arresting and injuring plaintiff, and on the part of the army medical doctors in treating plaintiff's injuries.

The leading case of Stepp v. United States, 207 F.2d 909 [4th Cir. 1953], cert. denied 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084, involved an action under the Federal Tort Claims Act for death of a civilian seaman, as a result of being shot by an army sentry on duty at entrance to a dock. Upon perceiving the deceased running towards the dock, the guard gave chase, shouted halt, fired two warning shots into the ground, and on deceased's failure to halt, fired two more shots, both of which struck the deceased, killing him instantly. The Fourth Circuit affirmed the district judge's findings that the guard had fired at the deceased intentionally; had used excessive force in making the arrest thereby constituting an assault and battery; and that the action was barred by Section 2680 [h] of the Federal Tort Claims Act. In discussing plaintiff's contention that defendant's acts constituted negligence, rather than assault and battery, the court said at 207 F.2d 911:

"In United States v. Folk, 4 Cir., 199 F.2d 889, in which we found lack of negligence in the discharge of a pistol resulting in death, we noted the difficulty that would be presented by a case in which there was liability for assault and battery based upon negligence and called attention to the decision of the Third Circuit in Lewis v. United States, 3 Cir., 194 F.2d 689, which is in point here. There, a Marine sentry intentionally shot a civilian who was attempting to leave a supply depot after having been told to wait. The civilian's suit, brought on the theory of negligence, was held to be barred by Section 2680(h). This was affirmed by the Third Circuit on the theory that such an intentional use of excessive force in making an arrest was an assault and battery within the meaning of Section 2680(h). * * * There was sufficient evidence to support the District Court's finding that Cotham intended to hit Stepp and that this shooting constituted the use of excessive force under the circumstances. The District Court did not err in holding this to be an assault and battery and, as such, barred by Section 2680(h), Title 28, U.S.C."

In the recent case of United States, et al. v. Faneca, 332 F.2d 872 [C.A. 5th Cir. 1964], plaintiff sought to recover under the Federal Tort Claims Act for deprivation of certain constitutional rights and for injuries allegedly received when tear gas was fired by Deputy United States Marshals, in connection with the government's efforts to effect the enrollment of James H. Meredith, a Negro, at the University of Mississippi. Plaintiff alleged in his complaint that the Deputy Marshals negligently fired tear gas projectiles at him inflicting serious bodily injuries. In reversing the district court, rejecting plaintiff's theory of negligence and directing that judgment be entered for defendants on their motion for summary judgment the court of appeals said at 332 F.2d 875:

"Nor can plaintiff recover under the Tort Claims Act for the 'negligent' firing on him by the group of marshals and Border Patrolmen. Section 2680(h) of title 28 excepts from the Act claims arising from intentional torts such as assault and battery. The tort plaintiff is complaining of is in essence assault and battery, and his allegations of negligence are not sufficient to avoid section 2680(h)."

The district court for the Northern District of Mississippi considered later almost identical cases to Faneca, arising out of the same circumstances; and in holding that plaintiffs' causes of action were barred by 28 U.S.C. 2680 [h], in Nichols et al. v. United States, 236 F. Supp. 260, 263 [1964] said:

"The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery. Here, as in Faneca, the essence of the complaint in each of these three cases is assault and battery and calling it by some other name cannot change its true character."

■ It is clear from the complaint, that excessive force was used in arresting plaintiff, and that, under the foregoing cases, plaintiff's cause of action or claim in this case is one arising out of assault and battery, false imprisonment, or false arrest, so as to be barred under the Federal Tort Claims Act by the exclusionary provision of 28 U.S.C. 2680 [h].

However, plaintiff contends that should the acts of the arresting army personnel be held to constitute an assault and battery, plaintiff would still have a cause of action under the Federal Tort Claims Act for the negligent treatment of his injuries afforded him by army medical personnel.

In reply to this contention defendant cited the case of Moos v. United States, 225 F.2d 705 [1955], wherein the Eighth Circuit Court of Appeals affirmed the order of the District Court in holding that an operation upon plaintiff's right leg and hip, rather than the left leg and hip, constituted an assault and battery; and that the action was precluded from the Federal Tort Claims Act under 28 U.S.C.A. 2680 [h].[1]

■ Although the decision in Moos v. United States, supra, is subject to some judicial inquiry, in view of recent decisions by the courts involving negligent treatment afforded patients in government institutions, I find that the question of liability for medical treatment afforded plaintiff herein by army doctors is precluded by the fact that plaintiff's claim in this regard is also barred by the exclusionary provisions of the Federal Tort Claims Act. Title 28, Section 2680

---

1. For a contrary holding to that in Moos v. United States, see Lane v. United States, 225 F.Supp. 850 [1964], where Chief Judge Hoffman of the Eastern District of Virginia entered judgment for plaintiff against defendant for injuries sustained by plaintiff in government hospital, when operation planned for plaintiff's left knee was performed on right knee by mistake.

[h] excludes from the Federal Tort Claims Act *any claim arising out of assault, battery, false imprisonment or false arrest.* It would be illogical to hold that the government could not be held liable if plaintiff had been instantly killed while being assaulted, and that the government could be liable for allegedly negligent medical treatment of non-fatal wounds resulting from the assault. Here, the medical treatment rendered plaintiff was a direct result of the assault. This court feels bound by the rationale of the court in the case of Klein v. United States, 268 F.2d 63, [2nd Cir. 1959].

In Klein plaintiff was detained and searched by customs officials and agents of the Federal Bureau of Investigation, after he boarded a ship without the necessary customs pass. He admitted that he did not have the necessary pass, but brought an action under the Federal Tort Claims Act for damages, as a result of being negligently exposed to the elements, chilled, and subjected to mental indignity, resulting from his detention by government agents. In holding that plaintiff's cause of action arose out of assault, battery, false imprisonment or false arrest, and was barred by 28 U.S.C. 2680 [h], the court said at 268 F.2d 64:

"The question here presented is not, as plaintiff argues, whether he has asserted in his complaint a charge of 'negligence,' but whether Congress intended to bar this type of suit, under whatever legal theory brought, by its exclusion from the waiver of governmental immunity in the Tort Claims Act of 'Any claim arising out of assault, battery, false imprisonment, false arrest * * *.' 28 U.S.C. § 2680(h). We agree with the court below that it did. D.C.E.D. N.Y., 167 F.Supp. 410. Here the alleged consequences to plaintiff directly flowed from the detention."

It is, therefore, ordered that defendant's motion for summary judgment be, and it hereby is granted, and plaintiff's complaint is dismissed.

Let judgment be entered accordingly.