William F. COLLINS

v.

UNITED STATES of America.

Civ. A. No. 38726.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1966.

---

D'Agui & Del Collo, by Albert Ring, Philadelphia, Pa., for plaintiff.

Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The complaint alleges that on November 15, 1963, an employe of the Post Office, one Brosz, acting in the scope of his employment, "pushed, hit and struck" the plaintiff. The complaint alleges that the United States was negligent in hiring and retaining Brosz in its employ when it knew or should have known of his "violent, vicious and malicious propensities." The defendant has moved to dismiss under F.R.Civ.P. 12(b)(6).

Section 2680(h) of Title 28 provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\*　　\*　　\*　　\*　　\*　　\*

"Any claim arising out of assault, battery, \* \* \*."

Plaintiff argues that his claim is not founded on the assault and battery, but rather on the negligence of the Government. We have found no case reaching this precise question, nor is the legislative history at all helpful. We are left, then, with the words of the Act as our only guide. It is true that the claim here is predicated on negligence. However, that negligence would have been without legal significance absent the alleged act of Brosz. Without that, there would have been no actionable negligence. It was the attack which served to attach legal consequences to defendant's alleged negligence. Congress could easily have excepted claims *for* assault. It did not; it used the broader language excepting claims *arising out of* assault. It is plain that the claim arose only because of the assault and battery, and equally plain that it is a claim arising out of the assault and battery. This being so, the United States has not waived its immunity as respects this claim.

The view we have taken finds inferential support in Panella v. United States, 216 F.2d 622 (C.A. 2, 1954). There, plaintiff, an inmate of the Public Health Service Hospital in Lexington, Ky., sued the United States alleging that the employes of the United States were negligent in failing to provide adequate guards and supervision. The District Court granted defendant's motion for summary judgment. The Court of Appeals reversed, but on the sole ground that the exception in § 2680(h) did not apply to assaults by non-governmental employes. The plain implication of *Panella* is that had the assault been by a government employe, the action would have been barred even though it was predicated on an allegation of negligence other than the assault itself.

For the foregoing reasons, defendant's motion to dismiss will be granted. It is so ordered.