**Dianne PENNINGTON, as Administratrix of the goods and chattels of the Estate of Edward Joseph Pennington, Deceased, and Dianne Pennington, Individually, Plaintiff,**

v.

**The UNITED STATES of America et al., Defendants.**

No. 74 C 810.

United States District Court, E. D. New York.

Jan. 23, 1976.

Dreher & Stanziale, Brooklyn, N. Y., for plaintiff.

David G. Trager, U. S. Atty., E. D. N. Y., by Cyril Hyman, Asst. U. S. Atty., Leo E. Berson, New York City, for defendants.

## OPINION AND ORDER

PLATT, District Judge.

This is an action by plaintiff to recover for injuries allegedly inflicted upon her husband by defendant Jerry Miller, which injuries are further alleged to have led to her husband's death. The complaint charges that Miller, then a Deputy United States Marshal, maliciously, wantonly, and recklessly shot plaintiff's husband on or about July 19, 1973, and that Miller at the time was intoxicated. The complaint then states that the United States, the United States Department of Justice, the United States Marshal's Service and Benjamin Butler, the United States Marshal for the Eastern District of New York, were negligent in that they allowed Miller to carry a firearm despite their knowledge of his alleged dangerous propensities toward violence and drunkenness, and in that they failed properly to supervise Miller so as to prevent him from carrying a firearm. Also joined as defendants are the bar where Miller allegedly drank and the owner of the bar.

The federal defendants have moved for dismissal or, alternatively, for summary judgment. Plaintiff now concedes that the Department of Justice, the Marshal's Service, and Benjamin Butler are not proper parties to this action, and the complaint will therefore be dismissed as to them.

The remaining issue between the parties is whether this suit may be maintained against the United States, which has invoked the doctrine of sovereign immunity, contending that waivers of immunity under the Federal Tort Claims Act are not relevant here because of the exception of 28 U.S.C. § 2680(h). That section (since amended) provided at the time of the events here relevant that the federal government's immunity from suit was not waived as to "[a]ny claim arising out of assault, battery . . ." Plaintiff argues in response that while its claim against defendant Miller may be one for assault and battery, its claim against the United States is predicated upon negligent performance of duties, which negligent performance made possible assault and battery. The question for this Court is whether such a negligence claim is one "arising out of" assault or battery within the meaning of 28 U.S.C. § 2680(h).

■ It is by now well settled that where negligent performance of duties owed by the government to certain individuals makes possible assaults on those individuals by *non-employees* of the government, § 2680(h) will not bar a negligence claim against the government (although an absence of proximate cause might of course still be found). For example, in *Panella v. United States*, 216 F.2d 622 (2d Cir. 1954) (Harlan, J.), an inmate at a United States drug hospital was allegedly assaulted by another inmate because of negligence of employees of the United States in not providing sufficient numbers of guards, or other adequate supervision over inmates. Although the cause of action in a sense "arose out of" assault and battery, the Court narrowly interpreted the § 2680(h) exception to the waiver of tort immunity to permit the action grounded not on assault but on negligent supervision. See also e. g. *Gibson v. United States*, 457 F.2d 1391 (3d Cir. 1972); *Rogers v. United States*, 397 F.2d 12 (4th Cir. 1968); *Muniz v. United States*, 305 F.2d 285 (2d Cir. 1962), aff'd 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

On the other hand, it seems that where the claim against the government is based on alleged inadequate training or negligent supervision of an *on-duty government employee*, which allows or causes the employee to commit an assault, the language of § 2680(h) is applicable and the claim is barred. *Panella v. United States, supra; Davidson v. Kane*, 337 F.Supp. 922 (E.D.Va.1972); *Collins v. United States*, 259 F.Supp. 363 (E.D.Pa. 1966). The question that remains, and the one controlling here, is, does § 2680(h) apply to disallow suits against the government for inadequate training or negligent supervision of an *off-duty*

*government employee.* For the reasons to follow, we believe that it does.

It seems that among the Circuits only the Fifth has decided the controlling issue, and that Court has done so inconsistently. In *United States v. Shively*, 345 F.2d 294 (5th Cir.), *cert. denied*, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965), a government pistol was negligently issued to an off-duty Army sergeant who used it to injure his former wife and take his own life. The Court held that under Georgia law, the issuance of the pistol was not the proximate cause of the injury to the wife, and that the wife's claim was one "arising out of assault" and thus barred by § 2680(h). In *Underwood v. United States*, 356 F.2d 92 (5th Cir. 1966), an off-duty airman was negligently permitted to obtain a pistol with which he killed his former wife. The Court held that under Alabama law and under the circumstances of the case, the issuance of the pistol was a proximate cause of the wife's death. The Court then stated that *Shively's* comments about § 2680(h) had been unnecessary to the decision, and ruled that the § 2680(h) exemption did not apply. The Court's authority was *Muniz v. United States*, 305 F.2d 285 (2d Cir. 1962), *aff'd* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), and it was obvious that off-duty servicemen were considered to be for these purposes in a category with non-employees.

We believe that the opinion of the Court in *Shively* states the correct rule. We assume, as we must, the validity of the holdings that an action against the government for negligence in permitting an assault by a non-employee is not one "arising out of assault", but that an action for permitting an assault by an on-duty employee is one "arising out of assault." And we note that the distinction which we might draw between a non-employee and an off-duty employee is not entirely a satisfactory one. But less satisfactory is the distinction plaintiff asks us to draw between on-duty and off-duty employees. We cannot believe Congress meant to bar suits arising out of assaults only by on-duty employees when it exempted claims "arising out of assault" from those covered by the Tort Claims Act. The government's alleged duty not to hire defendant Miller was in no way dependent upon his on-duty or off-duty status. The duties of the government to train Mr. Miller likewise did not vary with his arrival and departure from his place of employment. The alleged obligation to prevent Mr. Miller's access to firearms applied whether or not he was at any given moment actually working for the United States. In short, the government is charged with negligence in hiring Mr. Miller, and in allowing him to be armed. Any duty of the government to screen prospective employees involves actions with no connection to the employee's work schedule or duty status. Thus while it may be significant in a *respondeat superior* case to determine the duty status of the tortfeasor, it is not significant to do so when negligence in hiring or training is the gist of the complaint.

Thus, even if we assume for purposes of this motion that plaintiff could possibly demonstrate that the government was negligent in hiring Mr. Miller and allowing him to be armed, and even if we further assume that such negligence could possibly be considered the proximate cause of the injury inflicted on Mr. Pennington, we do not believe that Congress could have intended to prohibit suits against the United States for its negligent hiring and training of an employee who as a result was able while on duty to assault someone, but to authorize suits for the same treatment of the same employee who as a result was able just after leaving work to assault another person. The distinction we find proper is instead between potential governmental liability arising out of assaults by non-employees, and absolute non-liability as a result of assaults by employees.*

---

* But see the recent amendment to § 2680, which will permit some suits against the United States as principal of law enforcement officers who commit assaults.

This distinction is consistent with the language of *Panella, Muniz,* and the cases following them. This interpretation of the "arising out of assault" exception to waiver is consistent as well with the injunction of the Supreme Court that waivers of sovereign immunity are to be strictly construed, see *e. g. Honda v. Clark,* 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Keifer & Keifer v. Reconstruction Finance Corp.,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939).

 Nothing in our opinion is inconsistent with Congressional intent as indicated in the 1974 amendment to § 2680(h). That amendment is a waiver of sovereign immunity making the general provisions of the Tort Claims Act applicable to any claim which arises *on or after the date of the amendment* (March 16, 1974) and which is based on acts or omissions of federal investigative or law enforcement officers. The legislative history demonstrates that Congress was concerned only with federal agents acting within the scope of their employment or under color of federal law, 1974 U.S.Code Cong. and Adm.News, pp. 2790–91. No desire was shown to apply the new provisions in cases, like this one, decided after the amendment's effective date but based on facts occurring before that date. And it is clear that Congress expressed no intent to waive sovereign immunity where (as here) an agent's act is without the scope of his employment and not under color of federal law.

It may in fact be that Congress by implication indicated that the government should *not* be responsible for assaults by its off-duty agents. Another possible reason for the failure to provide, one way or the other, for off-duty assaults is of course that Congress may not even have been conscious of any theories, such as the negligent hiring theory here advanced, for holding the United States responsible for such off-duty assaults. In any event, the new amendment provides the Court with no reason for altering its application of § 2680(h) to the facts of this case.

 We conclude that plaintiff's suit against the United States is barred by sovereign immunity, since 28 U.S.C. § 2680(h) makes the waiver of immunity contained in the Tort Claims Act inapplicable. The government's motion to dismiss must be and hereby is granted as to the United States and, as indicated earlier, as to the Department of Justice, the United States Marshals Service and Benjamin Butler. This conclusion makes it unnecessary for us to consider other possible objections to the prosecution of this suit against the federal defendants.

So ordered.