611 F.2d 1350
 Byron H. NAISBITT, Executor of the Estate of Carol Naisbitt,
Deceased; Byron H. Naisbitt, As Guardian Ad Litem of Cortney
Naisbitt, Laura W. Sword, Administratrix of the Estate of
Sherry Michelle Ansley, Deceased; Orren W. Walker, Jr.; and
Orren W. Walker, Jr., Administrator of the Estate of Stanley
O. Walker, Deceased, Plaintiffs-Appellants,
v.
The UNITED STATES of America, Defendant-Appellee.
 Nos. 79-1237, 79-1238, 79-1239, 79-1240 and 79-1241.
 United States Court of Appeals,
Tenth Circuit.
 Argued July 30, 1979.
Decided Jan. 2, 1980.
 
 C. C. Patterson, Joseph H. Bottum and Bruce R. Baird, Ogden, Utah, for plaintiffs-appellants.
 Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah and Robert E. Kopp and Phyllis Jackson Lee, Civil Division, Dept. of Justice, Washington, D. C., for defendant-appellee.
 Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 This action was brought by personal representatives of a number of persons who were victims of crimes committed by two airmen, Dale S. Pierre and William Andrews, who were assigned to duty at Hill Air Force Base near Ogden, Utah. The case arose under 28 U.S.C. §§ 1346 and 2671 Et seq. There are five different lawsuits which have been consolidated for trial and for appeal.
 
 
 2
 The incidents here occurred on April 22, 1974, when two off-duty airmen entered a privately-owned retail store in Ogden, Utah, and committed a variety of atrocious acts including assaults, rapes, batteries and murders against the plaintiffs and the plaintiffs' decedents. Five persons were shot and three were killed.
 
 
 3
 The theory of plaintiffs' cases is that the United States was guilty of actionable negligence in failing to supervise and curtail the two airmen in question in that it was reasonably foreseeable that they would, unless restrained, perpetrate serious injuries. The United States moved to dismiss the actions claiming lack of subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2680(h), which excepts the government's waiver of immunity where the liability claim arises from assault and battery.
 
 
 4
 A further legal argument of the government is that under 28 U.S.C. § 2674, there must have been a legal duty running from the government to the person injured in order to render the government liable in the same manner and to the same extent as a private individual under like circumstances.
 
 
 5
 Plaintiffs amended their complaint so as to include § 1346(b) as a part of its jurisdictional basis. This section merely says that subject to Chapter 171 of the title, the district court has exclusive jurisdiction of civil actions in claims against the United States for money damages or injury to property or personal injury or death caused by the negligence of any employee of the government while acting within the scope of his office or employment under circumstances where the United States or a private person would be liable to the claimant in accordance with the laws of the place where the act or omission occurred.
 
 
 6
 The district court granted the defendant's motion to dismiss, on the ground that the claim actually arose from assault and battery and was therefore barred by 28 U.S.C. § 2680(h), the immunity exception. This provides that the waiver of immunity shall not apply to "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."
 
 THE ISSUES
 
 7
 The first question to be considered is whether the above-described deaths and injuries which resulted from batteries and which are presented on the theory of negligence of the government in failing to protect the public from the viciousness of servicemen can be maintained under the Federal Tort Claims Act notwithstanding that intentional torts are within the immunity retained in § 2680(h).
 
 
 8
 A second question arises only if we hold that there existed a duty on the part of the United States to protect the persons who were killed from the injuries which were suffered. This remaining question would be whether Utah recognizes a cause of action in negligence where criminal acts of third persons intervened.
 
 THE TRIAL COURT'S DECISION
 
 9
 The trial court rested its judgment of dismissal on the principle that a distinction is to be drawn between assaults committed by government employees and assaults which were committed by non-government employees. Section 2680(h), the court said, has been construed to apply and to bar suits against the United States which were based on intentional wrongs committed by employees notwithstanding that the alleged liability is said by the plaintiff to rest on the negligence of government officials charged with the duty of supervision or control of the employees who committed the assault. The court cited Pennington v. United States, 406 F.Supp. 850 (E.D.N.Y.1976), and Panella v. United States, 216 F.2d 622 (2d Cir. 1954). The courts take a different view as to the applicability of § 2680(h) when the intentional wrongs are committed by non-government employees where there has existed a governmental duty to supervise and control. The court cited Muniz v. United States, 305 F.2d 285 (2d Cir. 1962), Aff'd 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).
 
 
 10
 The court noted that although the plaintiffs' claims sounded in negligence,[1] they were barred because their true nature and character were of intentional torts. Negligence, the court continued, was invoked merely to avoid § 2680(h), the court was reluctant to recognize this negligence theory as a matter of policy because to do so would destroy the effectiveness of § 2680(h) where intentional torts were committed by employees of the government. Under this analysis, sovereign immunity is waived notwithstanding § 2680(h), in situations such as where federal prison employees negligently fail to supervise or control prisoners or hospital employees fail to supervise patients as a result of which an assault and battery or other intentional tort is perpetrated by the uncontrolled patient or prisoner.
 
 
 11
 The trial court embraced the employee as opposed to the non-employee distinction. It stated:
 
 
 12
 The sole basis for imposing liability on the government is the fact that two government employees committed Intentional wrongs against plaintiffs and their decedents. Thus, this is unlike the case in which the government is sued for failure to adequately supervise non-employees. There the sole basis for liability is the negligence of the government officials charged with the duty of supervision. In such a case, negligence is not merely an alternative theory of liability; it is the only basis upon which the government can be held responsible. The intentional wrong cannot itself be the basis of liability because that act was not committed by a government official. Here, in contrast, government liability is possible only because government employees committed the intentional act. Thus, although plaintiffs' complaint is drawn in terms of negligence, the essence of the cause of action is an assault and battery committed by two individuals who were government employees at the time of the wrongful acts. The claim arises Only because of the Intentional wrong committed by employees of the sovereign and is, therefore, a claim "arising out of" an assault and battery and is within the scope of § 2680(h). Plaintiff's negligence theory is, in this case, merely an alternate theory of liability. Panella v. United States, 216 F.2d 622 (2d Cir. 1954); Pennington v. United States, 406 F.Supp. 850 (E.D.N.Y.1976); Collins v. United States, 259 F.Supp. 363 (E.D.Pa.1966). (Emphasis in original)
 
 
 13
 DOES 28 U.S.C. § 2680(h) BAR THE PRESENT ACTION?
 
 
 14
 We are constrained to hold that it does. The leading case on the applicability of 28 U.S.C. § 2680(h) is Panella v. United States, 216 F.2d 622 (2d Cir. 1954). The author of the opinion in Panella was Judge John Marshall Harlan. The district court for the Eastern District of New York had granted the government's motion for summary judgment. It had done so on the ground that the action involved a claim arising out of assault which was held to have been barred under § 2680(h) of the Tort Claims Act. The trial court had determined that § 2680(h) embraced assaults by persons not employed by the government as well as those committed by government employees. The part of the district court's decision holding that the non-waiver of immunity contained in § 2680(h) applied to non-government employees was reversed and the court in effect held that in the non-employee case § 2680(h) did not preclude recovery. The plaintiff in this case had been sentenced for a drug offense, but upon his election to undertake treatment he was sent to the Public Health Service Hospital in Lexington, Kentucky, a government institution. While there he was assaulted by another inmate. He sued the United States under the Federal Tort Claims Act contending that the assault was caused by the negligence of employees of the United States in failing to provide adequate guards and by neglecting to properly supervise those confined in the institution. The Second Circuit holding was that a claim sounding in negligence could be prosecuted against the United States where, as in Panella, the assailant was not an employee of the government. The court said that if § 2680(h) was to be read literally, it would apply to assaults committed by persons other than government employees, but that such a reading was out of harmony with the rest of the act. "For in the present case the only basis of liability against the Government is the negligence of its employees, not their deliberate torts, * * * It is therefore important to distinguish cases in which it was sought to hold the Government liable on a negligence theory for assaults committed by Government employees." 216 F.2d at 624.
 
 
 15
 The distinction made by the Second Circuit in Panella as to the § 2680(h) exclusion in employee cases and the non-applicability of § 2680 to non-employee cases has been adopted in most of the subsequent decisions. See, e. g., Pennington v. United States, supra; Collins v. United States, 259 F.Supp. 363 (E.D.Pa.1966).
 
 
 16
 In Pennington v. United States, supra, a widow brought an action for injuries inflicted on her husband by a deputy United States marshal, who shot him. The marshal at the time of the shooting had been intoxicated. The negligence allegation was the government's allowing the assailant to carry a gun. The court relied on Panella, supra, and said that "It is by now well settled that where negligent performance of duties owed by the government to certain individuals makes possible assaults on those individuals by Non-employees of the government, § 2680(h) will not bar a negligence claim against the government * * * On the other hand, it seems that where the claim against the government is based on alleged inadequate training or negligent supervision of an On-duty government employee, which allows or causes the employee to commit an assault, the language of § 2680(h) is applicable and the claim is barred. Panella v. United States, supra; Davidson v. Kane, 337 F.Supp. 922 (E.D.Va.1972); Collins v. United States, 259 F.Supp. 363 (E.D.Pa.1966)." 406 F.Supp. at 851. The court then pronounced its ruling that § 2680(h) disallowed suits against the government for inadequate training or negligent supervision of an off-duty government employee.
 
 
 17
 Some of the decisions denying liability tend to give emphasis to the legal causation issue rather than the question of employment relationship. See, e. g., United States v. Shively, 345 F.2d 294 (5th Cir. 1965), Cert. denied, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965).
 
 
 18
 A contemporaneous case from the Fifth Circuit, Underwood v. United States, 356 F.2d 92 (5th Cir. 1956), added another element, that of the off-duty factor in a case in which the assailant was a serviceman who killed his wife soon after he had been released from a psychiatric clinic. The suit sought to hold the government responsible because of premature release. The court determined that the government was liable. It emphasized the patient-hospital relationship and used the off-duty element in order to avoid the employee impediment. The district court for the Eastern District of New York in Pennington, supra, criticized this reasoning.[2]
 
 
 19
 In Muniz v. United States, 305 F.2d 285 (2d Cir. 1962), Aff'd 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), the plaintiff alleged that while he was confined in a federal prison, he was set upon and beaten by 12 fellow inmates. The complaint alleged that the government's negligence consisted of failure to maintain proper guards or segregation of dangerous persons. The Second Circuit reversed the district court's order of dismissal and held that there was a claim stated. In regard to immunity the court said:
 
 
 20
 Nor does this case fall within the exemption of 28 U.S.C. § 2680(h), barring claims "arising out of assault." That exception applies only to assaults by government agents, not to assaults by third parties which the government negligently fails to prevent. Panella v. United States, 216 F.2d 622 (2d Cir. 1954).
 
 
 21
 305 F.2d at 287.
 
 
 22
 The United States relies, in addition, on the case of United States v. Shively, 345 F.2d 294 (5th Cir. 1965), Cert. denied, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965). There the plaintiff sued under the Tort Claims Act alleging negligence of the United States in allowing her husband, a sergeant in the military, to have access to government weapons in violation of regulations and despite knowledge of his unstable condition and dangerous propensities. The Shively court said that the government's negligence in issuing the gun was not the cause of the plaintiff's injuries since it was not reasonably foreseeable that he would use the weapon to assault his former wife. On the immunity question the court said:
 
 
 23
 From what has already been noted of the facts of this case we also conclude that appellee's claim here is a "claim arising out of assault", which is, in those words, specifically excepted from recovery under the Federal Tort Claims Act, 28 U.S.C. § 2680(h). It is not necessary to the ruling here, and we do not determine whether every assault intervening between a shown negligence of the United States and injury to third parties is barred under the Federal Tort Claims Act by this exclusionary language.
 
 
 24
 345 F.2d at 297.
 
 
 25
 Shively thus went off on the basis that the statute, 28 U.S.C. § 2680(h), precluded the recovery because the injury arose out of an assault and that there was not sufficient showing of negligence based upon foreseeability of harm.
 
 
 26
 Some of the cases such as Shively do not squarely address the issue of applicability of § 2680(h) where the assailant was an employee. Most of the cases, however, including the leading opinion of Judge Harlan in Panella, hold that the non-waiver of immunity contained in § 2680(h) is applicable where the intentional tort is committed by an employee. Thus, whether it is explicitly mentioned or not, effect is given to the employee distinction. It is believed that it stems from the proposition that where the employee has committed a tortious intentional act, even though it is not with the approval of his employer, the government, nevertheless, he is so closely connected with the government that the intentional act is imputed to the government. Since the government has waived liability only in negligence cases and has retained its immunity in intentional tort cases in accordance with § 2680(h), an attempt to establish liability on a negligence basis is indeed an effort to circumvent the retention of immunity provided in § 2680(h).
 
 
 27
 Plaintiff here maintains that where the suit is in negligence the court should not go behind it and make a distinction as to whether the tortfeasor is an employee. He cites Fair v. United States, 234 F.2d 288 (5th Cir. 1956),[3] Gibson v. United States, 457 F.2d 1391 (3rd Cir. 1972),[4] and Hicks v. United States, 167 U.S.App.D.C. 169, 511 F.2d 407 (D.C.Cir.1975).[5]
 
 
 28
 Although Fair upheld a claim, it did not address the employee-non-employee issues. In Gibson, the assailant was not an employee. Hicks was a hospital patient case in which it was alleged that he was negligently released, whereby St. Elizabeths Hospital, a government agent, rendered the United States legally responsible. It does not appear in the facts that the patient was also an employee of the government. None of these decisions lend support to the plaintiffs in the present case.
 
 
 29
 In summary: There is a strong thread running through most of these cases is that which recognizes the immunity of the government where the assailant is an employee of the government. This is applied regardless of whether the employee is on duty. The district court here considered the fact that Pierre and Andrews were employees to be a compelling reason for holding that § 2680(h), applied. The rationale for this appears to be that where the intervening assailant is an employee, the tort with which the government is charged is in fact as well as law an intentional one subject to the § 2680(h) provision. There is a dearth of authority allowing an action to be prosecuted against the government under the Tort Claims Act where the intervening assailant was an employee. In any case in which the employee has intentionally injured another, the tort asserted against the government, regardless of whether it is called negligence, is indeed an intentional tort attributable to the government. This may well be because of the doctrine of Respondeat superior or because the employee is closely related to the government. It would appear to be the proximity of the employee which gives the government's role its intentional quality.
 
 
 30
 Finally, the particular facts of this case lead to the conclusion that the tort which is the basis of the lawsuit was intentional and subject to § 2680(h) because it was, as a matter of law, an intervening force of such great magnitude that it rendered the negligence of the government in failing to control the assailants insignificant in comparison. The character of the act is so predominantly intentional that the negligence as a causal force is virtually nonexistent.
 
 
 31
 We are not unmindful or unsympathetic to the innocent plight of plaintiffs. However, to hold the United States government legally responsible for the act in view of the immunity for liability based on intentional conduct and considering its lack of moral, legal or factual contribution would not only be invalid, it would constitute gross injustice.
 
 
 32
 Having weighed the relevant factors, we hold that the trial court's decision was correct. The judgment of the district court is therefore affirmed.
 
 
 
 [1]
 Immunity is waived in the Tort Claims Act for negligence
 
 
 [2]
 This criticism analyzes the lack of logic in distinguishing between an on-duty and an off-duty government employee in the context of the § 2680(h) immunity provision:
 We believe that the opinion of the Court in Shively states the correct rule. We assume, as we must, the validity of the holdings that an action against the government for negligence in permitting an assault by a non-employee is not one "arising out of assault", but that an action for permitting an assault by an on-duty employee is one "arising out of assault." And we note that the distinction which we might draw between a non-employee and an off-duty employee is not entirely a satisfactory one. But less satisfactory is the distinction plaintiff asks us to draw between on-duty and off-duty employees. We cannot believe Congress meant to bar suits arising out of assaults only by on-duty employees when it exempted claims "arising out of assault" from those covered by the Tort Claims Act. The government's alleged duty not to hire defendant Miller was in no way dependent upon his on-duty or off-duty status. The duties of the government to train Mr. Miller likewise did not vary with his arrival and departure from his place of employment. The alleged obligation to prevent Mr. Miller's access to firearms applied whether or not he was at any given moment actually working for the United States. In short, the government is charged with negligence in hiring Mr. Miller, and in allowing him to be armed. Any duty of the government to screen prospective employees involves actions with no connection to the employee's work schedule or duty status. Thus while it may be significant in a Respondeat superior case to determine the duty status of the tortfeasor, it is not significant to do so when negligence in hiring or training is the gist of the complaint.
 
 
 [406]
 F.Supp. at 852
 
 
 [3]
 In Fair, the tortfeasor was in the service. He was an Air Force captain with known homicidal tendencies. Also, he was a patient in a government psychiatric hospital. He shot and killed a student nurse whom he had previously threatened. The action against the government claimed that he had been released from the hospital with knowledge of his propensities. The determination was that the government could not escape liability under the exercise of discretion exemption contained in § 2680(a). This is a case which departs from the employee standard. The only factual difference is that the assailant was, in addition to being an employee, a patient of a mental hospital. The hospital had full knowledge of his propensities. It was this latter status which was stressed in holding that the hospital was liable. Because of this factual difference, the case is not directly supportive of the plaintiff's position here. Because of the hospital-patient relationship and the duty to protect members of the assailant's family and the public generally from his dangerous propensities, it presents a strong case for liability
 
 
 [4]
 In Gibson, the assailant was not an employee, he was a Job Corps trainee who committed an assault on an employee of the Job Corps, an instructor. The theory of the plaintiff-employee was that the government had notice that the assailant was an addict and dangerous. Liability was disallowed and there was specific mention of the fact that the assailant was not an employee, that he was a third person
 
 
 [5]
 In Hicks, the plaintiffs were coadministratrices of the estate of one Corinne Morgan. It is alleged that St. Elizabeths Hospital, an agent of the United States, was negligent, as a result of which the decedent was killed by her husband, who had been a patient at St. Elizabeths Hospital. He shot her after he had allegedly been given liberty as a result of the negligence of St. Elizabeths. The assailant husband was mentally incompetent with the knowledge, of course, of St. Elizabeths. The court there said that the hospital owed a duty to the public in carrying out its responsibilities. The assault was directly attributable to his insane condition, and it was held that the hospital was directly responsible for his release and for the act which was caused by his drinking together with his mental condition