**Cynthia GALE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**John F. GALE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 77–2130–1, 77–2132–1.

United States District Court, D. South Carolina, Charleston Division.

June 20, 1980.

Samuel L. Svalina and Ralph E. Tupper, Dowling, Sanders, Dukes, Novit & Svalina, Beaufort, S. C., for plaintiffs.

Cameron M. Currie, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

HAWKINS, District Judge.

This matter is before the court on the defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. The United States has taken the position that this court has no subject matter jurisdiction over the plaintiffs' claims because they are barred by 28 U.S.C. § 2680(h). That statutory provision precludes recovery under the Federal Tort Claims Act for "any claim arising out of assault [or] battery." Further, the defendant argues that the complaints fail to state a claim upon which relief can be granted because the government has no duty to control its employees while acting outside the scope of their employment. Finally, the United States asserts that the plaintiffs, as a matter of law, cannot establish that the assault of Cynthia Gale was proximately caused by the government's negligence.

These causes of action arise out of the rape of plaintiff Cynthia Gale by an off-duty Marine Gunnery Sergeant in Beaufort, South Carolina. The plaintiffs contend that the injuries which they have sustained were proximately caused by the government's negligence in its administration of medical treatment to and military supervision over the Marine. The government argues that by phrasing their complaints in terms of negligence, the plaintiffs are merely attempting to circumvent the assault and battery exclusion of the Tort Claims Act. The defendant asserts that, because rape is an assault and battery, the plaintiffs' claims fall clearly within the exclusion of § 2680(h) and, therefore, they cannot recover from the United States.

In support of its first argument concerning the § 2680(h) exclusion, the government cites numerous cases as authority. As the government notes, the leading case on the applicability of 28 U.S.C. § 2680(h) is *Panella v. United States*, 216 F.2d 622 (2d Cir. 1954). In *Panella*, the court considered whether or not the § 2680(h) exclusion embraced assaults by persons not employed by the government as well as those committed by government employees. The plaintiff in

*Panella* was an inmate at a public health service hospital controlled and maintained by the United States. While at the institution, Panella was assaulted by another inmate. In his Federal Tort Claims action, Panella argued that the assault was proximately caused by the negligence of employees of the United States in failing to provide adequate guards and otherwise properly supervise those confined in the institution. The district court held that his claim was barred by § 2680(h) because it applied to non-government employees as well as government employees. In reversing the district court's ruling, the Second Circuit held that the exclusion should only apply to assaults and batteries committed by government employees. The *Panella* court clearly distinguished between claims based solely on a *respondeat superior* theory and those claims which arise out of the direct negligence of government employees. The court noted that Panella was not seeking to hold the government liable on a *respondeat superior* theory for the assault committed by the other inmate. 216 F.2d at 624. Rather, the only basis for liability in *Panella* was the direct negligence of the government's employees in not properly maintaining the hospital. In discussing the plaintiff's theory of liability, the court stated:

> . . . [I]n the present case the only basis of liability against the Government is the negligence of its employees, not their deliberate torts, since the assailant was not a Government employee. Unless it can be shown that government employees were negligent in maintaining the internal security of the Hospital, no liability could be imposed under the Tort Claims Act for the alleged assault, even if § 2680(h) did not exist, and the Government had thus waived immunity for claims arising out of assault. . . . *In this case . . . a negligence action is not merely an alternative form of remedy to an action for assault but negligence is rather the essence of the plaintiff's claim.*

Id. (emphasis added).

The conclusion to be drawn from the *Panella* case is that § 2680(h) should not

apply to a situation where the government could not be held liable in any event for the assault itself. Just as the United States would not be liable under *respondeat superior* for an assault committed by a non-employee, it would also not be liable under *respondeat superior* for an assault committed by a government employee acting outside the scope of his employment at the time of the commission of the act. In both of these situations, the *Panella* rationale requires that the exclusion of § 2680(h) not be applied since the government could not be held responsible for the assault even if the exclusion did not exist. This is the only logical approach to the applicability of § 2680(h) in a case where the sole claim is negligence of government employees and not direct government responsibility via *respondeat superior* for assaults committed by employees. Under the *Panella* reasoning, in a case involving an assault by a government agent, the plaintiff would not be required to prove negligence for the imposition of liability since a *respondeat superior* theory would suffice. Therefore, in such a situation the exception should apply.

A review of the cases since *Panella* reveals that in the vast majority of them, the § 2680(h) exception was applied only in situations where the assault or battery was committed by a government agent acting within the scope of his employment. In these cases, government liability would have resulted under a *respondeat superior* theory if the § 2680(h) exclusion had not been applied. In *Pendarvis v. United States*, 241 F.Supp. 8 (E.D.S.C.1965), the plaintiff had been arrested and assaulted by agents and employees of the United States, "while acting within the scope of their duties and employment, as members of the United States Army . . ." *Id.* at 9. The court found that the plaintiff's claim for assault and battery, false imprisonment, and false arrest was barred by the exclusion of § 2680(h). Further, the court determined that the plaintiff could not recover for the alleged negligent medical treatment by government personnel of his wounds resulting from the assault because such wounds were a direct consequence of the assault. *Id.* at 11. The rationale for excluding the negligent medical treatment claim was that it was a claim "arising out of assault, battery, false imprisonment or false arrest" within the meaning of § 2680(h) and the consequences of negligent treatment flowed directly from the assault. *Id.*

In *United States v. Shively*, 345 F.2d 294 (5th Cir.), *cert. denied*, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965), the Fifth Circuit held that the negligent issuance of a .45 caliber pistol by Army personnel to an off-duty sergeant in civilian clothes was not the proximate cause of injury to the sergeant's wife, whom he shot twice. *Id.* at 297. Although the decision in *Shively* turned on proximate cause, the court also concluded that the plaintiff's claim was a "claim arising out of assault" and was, therefore, specifically excepted from recovery under § 2680(h). *Id.*

A year after *Shively* was decided, the Fifth Circuit addressed another Federal Tort Claims action factually similar to *Shively*. In *Underwood v. United States*, 356 F.2d 92 (5th Cir. 1966), the plaintiff was the father of an airman's wife who was killed by her husband while he was an on-duty Airman First Class with the U.S. Air Force. The complaint alleged that the government was negligent in allowing the emotionally and mentally disturbed airman to carry a .45 caliber automatic pistol that was used to kill his wife and in allowing him to return to duty while in his disturbed state. *Id.* at 94. The *Underwood* court held that the government's negligent release of Airman Dunn to duty, which gave him access to weapons, and its permitting Dunn to draw the .45 caliber pistol with which he killed his wife, were proximately connected with his wife's death. Adopting the rationale of *Panella*, the court further held that the plaintiff's claim would not be barred by the exemption of § 2680(h) because that exception applies only to assaults by government agents. *Id.* at 100. Under the facts in *Underwood*, it is inconceivable that Airman Dunn could have been deemed an "agent" of the United States under a

*respondeat superior* theory at the time that he killed his wife. Faced with the inconsistency of the two rulings, the Fifth Circuit in *Underwood* clarified its position on the applicability of § 2680(h) by stating that the language in *Shively* regarding the bar of the plaintiff's claim under § 2680(h) was merely dicta. 365 F.2d at 100.

The court in *Collins v. United States*, 259 F.Supp. 363 (E.D.Pa.1966), was presented with a claim for injuries resulting from the actions of an employee of the Post Office "acting in the scope of his employment", who pushed and struck the plaintiff. *Id.* at 364. The exception of § 2680(h) was applied, thus barring the plaintiff's claim. This court, also applying the rationale of *Panella*, determined that since the assault was committed by a government employee, the exemption should be applicable. *Id.* It is clear from the facts of *Collins* that the government could have been held liable as principal for its agent "acting within the scope of his employment" if the exception of § 2680(h) did not exist. Therefore, the court properly applied the bar for the assault.

Nine years after *Underwood* was decided, the Fifth Circuit was again presented with this issue in *Gaudet v. United States*, 517 F.2d 1034 (5th Cir. 1975). The plaintiff's claim in *Gaudet* arose out of a series of incidents beginning when a complaint was filed against Gaudet for allegedly making threats against the President. The court found that his cause of action was essentially one for false arrest, assault, and malicious prosecution. *Id.* at 1035. Without discussion its reasoning, the court applied the exception of § 2680(h) and barred Gaudet's claim. In his complaint, Gaudet alleged that the tortfeasors were agents and representatives of the United States. Under such a theory, *respondeat superior* would clearly render the United States liable for these intentional torts committed by its agents, and, therefore, the exemption of § 2680(h) was properly applied.

Prior to the decision in *Panella*, the Fourth Circuit addressed the issue of the applicability of 28 U.S.C. § 2680(h) in *Stepp*

*v. United States*, 207 F.2d 909 (4th Cir. 1953), *cert. denied*, 347 U.S. 933, 74 S.Ct. 627, 98 L.Ed. 1084 (1954). The cause of action in *Stepp* involved the death of a civilian seaman who was shot by an on-duty army guard as he attempted to board his ship. After determining that the intentional use of excessive force in making an arrest amounted to an assault and battery, the court held that the plaintiff's claim was barred by § 2680(h). *Id.* at 911. A review of the facts reveals that the army guard was clearly acting within the scope of his employment at the time of the shooting and, therefore, absent the § 2680(h) exclusion, the United States could be held liable under a *respondeat superior* theory.

The significance of distinguishing between on-duty and off-duty government employees for the purpose of applying § 2680(h) was discussed extensively in the case of *Pennington v. United States*, 406 F.Supp. 850 (E.D.N.Y.1976). The *Pennington* court was presented with a situation where the plaintiff's deceased husband was shot and killed by an off-duty Deputy United States Marshal. Recognizing that § 2680(h) will not bar a claim based on an assault committed by a non-employee of the government, the court turned its attention to a determination of when that section will bar a claim resulting from an assault by an employee of the government. Citing *Panella*, the court concluded that a claim will be barred when it arises from the actions of an on-duty employee. In discussing the applicability of § 2680(h) to an off-duty employee situation, the court stated:

> [T]he government is charged with negligence in hiring Mr. Miller, and in allowing him to be armed. Any duty of the government to screen prospective employees involves actions with no connection to the employee's work schedule or duty status. Thus while it may be significant in a *respondeat superior* case to determine the duty status of the tortfeasor, it is not significant to do so when negligence in hiring or training is the gist of the complaint.

406 F.Supp. at 852.

Having concluded that the distinction to be made was between employee and non-em-

ployee rather than between non-employee/off-duty employee and on-duty employee, that court stated, "This distinction is consistent with the language of *Panella, Muniz,* [*v. United States,* 305 F.2d 285 (2d Cir.) aff'd 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805] and the cases following them." *Id.* at 853. A careful and close reading of *Panella* evidences that the holding in *Pennington* is completely inconsistent with the *Panella* court's reasoning. The decision in *Panella* was to the effect that when the government would be liable on a *respondeat superior* theory for an assault committed by an agent/employee, a plaintiff cannot circumvent the bar of § 2680(h) by alleging a claim based on negligent supervision or management. However, when the government's *sole* liability would be based on negligence, the exclusion of § 2680(h) is inapplicable because the government could not be held responsible for the intentional tort even if the exemption did not exist. 216 F.2d at 624. (emphasis added).

■ The most recent decision which discusses the exemption provision of 28 U.S.C. § 2680(h) is *Naisbitt v. United States,* 611 F.2d 1350 (10th Cir. 1980). The claim in *Naisbitt* arose out of an incident where two off-duty airmen entered a retail store and committed various atrocious acts against the plaintiffs and the plaintiffs' decedents. The plaintiffs' claims were grounded on a theory of negligence of the government in failing to protect the public from the viciousness of servicemen. In finding that the claims were barred by § 2680(h), the *Naisbitt* court adopted the reasoning of the district court for the Eastern District of New York in *Pennington.* *Id.* at 1354, n. 2. As discussed earlier, the holding and rationale in *Pennington* was entirely inconsistent with the *Panella* decision and contrary to the most logical approach to this question. The Tenth Circuit in *Naisbitt* finally distinguished between non-employees and employees without regard to whether or not an employee is acting as an agent for the government at the time of the tortious conduct. *Id.* at 1356. Having made this determination, the court stated:

In any case in which the employee has intentionally injured another, the tort asserted against the government, regardless of whether it is called negligence, is indeed an intentional tort attributable to the government. This may well be because of the doctrine of *respondeat superior* or because the employee is closely related to the government.

*Id.*

It is simply incorrect that every tort committed by an employee is attributable to the government. *Respondeat superior* will not operate in every case to render the government liable. In fact, the *Naisbitt* court was faced with a factual situation where the employees were off-duty and not acting within the scope of their employment at the time of their tortious conduct. The court in *Naisbitt* failed to explain how the government could be held liable under *respondeat superior* for the intentional torts committed by the off-duty airmen even if the exclusion of § 2680(h) did not exist.

■ In the instant case, this court is presented with a situation where the tortfeasor, an employee of the government, was not acting within the scope of his employment at the time that he raped Mrs. Gale. The defendant even argues vigorously that the employee in this case was acting outside the scope of his employment and, therefore, the government had no duty to control him. It is clearly evident to the court on this motion that the Marine sergeant was acting outside the scope of his employment at the time that he assaulted this plaintiff and that the United States could not be held liable via *respondeat superior* for his intentional conduct. Therefore, the exclusion of § 2680(h) is not applicable. In this case, as in *Panella,* a negligence action is not merely an alternative form of remedy to an action for assault, but, rather, negligence is the essence of the plaintiffs' claims. *See Panella v. United States,* 216 F.2d at 624. Following the rationale of the Second Circuit in *Panella* and the Fifth Circuit in *Underwood,* it is this court's opinion that 28 U.S.C. § 2680(h) is not a bar to a Federal Torts Claim action where the government

employee was acting outside the scope of his employment at the time of his tortious conduct.

As to the second ground for dismissal, the United States argues that the complaints fail to state a claim upon which relief can be granted because the government has no duty to control its employees while acting outside the scope of their employment. The complaints allege that the government was negligent in its administration of medical treatment to the Marine and in its military supervision over him. The defendant's duty to control the tortfeasor is only one of the issues in this case. Finally, it is the position of the defendant that, as a matter of law, the plaintiffs cannot show that the assault of Mrs. Gale was proximately caused by any negligence of the government. The issue of proximate cause is one which must be developed at trial and cannot be ruled on now as a matter of law. The defendant United States of America's motion to dismiss is hereby denied.

AND IT IS SO ORDERED.